P. C. Johnson v. The State Bank of Seneca.

No. 9764.

1. Departure in Pleading—*petition in trover alleging general ownership, reply admitting special ownership, is.* When, in an action for damages for the conversion of personal property, the petition alleges ownership generally, but the reply admits the ownership to be special, as that of a mortgagee, such change of allegations constitutes a departure in pleadings; and, inasmuch as a plaintiff can recover only upon the cause of action stated in his petition, an objection to evidence under the repugnant matter stated in the reply should have been sustained.

2. Chattel Mortgage—*residue of property after debt satisfied, subject to execution in mortgagee's hands, regardless of agreement with mortgagor to sell and pay other creditors.* When a mortgagee of personal property has sold enough of it to satisfy the mortgage debt and expenses of sale, the residue becomes subject to seizure upon execution against the mortgagor; and the mortgagee cannot withhold it from an officer with process of sale, upon the ground that he has agreed with the mortgagor to continue in possession of the property and to sell it, after satisfaction of his own debt, and out of the proceeds of the sale to pay orders drawn upon him in favor of the mortgagor's creditors, and that in pursuance to such agreement he has, in writing, accepted and agreed to pay such orders.

Error from Nemaha District Court. J. F. Thompson, Judge. Opinion filed April 9, 1898. *Reversed.*

*E. G. Wilson,* for plaintiff in error.

*J. E. Taylor* and *Wells & Wells,* for defendant in error.

Doster, C. J.   This case comes to us upon a certificate of division of the judges of the Court of Appeals of the Northern Department. The firm of Jordan Brothers recovered judgment against Mrs. S. C. Sherman, a merchant. Execution upon this judgment was issued to the plaintiff in error, a constable. He levied it upon goods in possession of the defendant in error, which thereupon brought suit against him for dam-

ages for conversion, alleging itself to be the owner of the property.   To its petition the plaintiff in error, defendant below, filed an answer justifying himself as constable ; denying the plaintiff's ownership ; and alleging that its only interest in the property was by virtue of a mortgage executed to it by Mrs. Sherman, which had been fully satisfied by a sale of a sufficient amount of the mortgaged property to pay the debt, but that the residue of the property, including the portion levied upon, had been retained in the possession of the mortgagee under the fraudulent pretense that the mortgage debt remained unpaid.

To this answer the defendant in error, plaintiff below, filed a reply admitting its possession of the property as mortgagee only, and alleging the making of an agreement by it with Mrs. Sherman to hold and sell the property, not only for the payment of the mortgage debt, but also for the payment of such orders as she might give upon it in favor of her creditors ; that it had accepted and agreed to pay a large amount of such orders so drawn upon it, and that the mortgage debt and the accepted orders exceeded in amount the total value of all the property covered by the mortgage.   This reply also alleged the pendency · of an action brought against plaintiff by another person claiming the ownership of the property, for damages for its conversion, which action, it is said, if finally decided adversely to plaintiff, would subject it to the payment of the full value of all the goods. Judgment was rendered in favor of the plaintiff below, from which judgment the defendant below prosecutes error to this court.   The questions necessary to be noticed were raised in proper form by the defendant below, at the trial and upon a motion for a new trial.

The District Court erred in admitting the evidence

of the plaintiff below under the pleadings in the case. The reply constituted what is called a "departure" in pleading. "A departure is the statement of matter in a reply, replication, rejoinder or subsequent pleading, as a cause of action or defense, which is not pursuant to the previous pleading of the same party, and which does not support and verify it"; and a test of departure in a reply is the question whether evidence of the facts alleged in it would be, if received, contradictory of the allegations of the petition. Encyc. Pleading and Practice, vol. 6, 460, 462; Bliss on Code Pleadings (3d ed.), § 396; *Baker v. Long,* 17 Kan. 341. The petition alleged ownership, positive and unqualified, in the plaintiff. The reply admitted the ownership to be that of a mortgagee, which is ownership qualified and special. The allegations of these pleadings required for their support an entirely different character of evidence. The reply therefore was not pursuant to the petition and did not support and verify it.

1. Departure in pleading.

In addition to these considerations, if the question be viewed as one of evidence merely and not strictly as one of pleading, the position of the defendant in error is untenable. In *Kennett v. Peters* (54 Kan. 119, 37 Pac. 999), it was held that if the plaintiff in an action for the conversion of personal property is not the absolute owner of the property he must set forth in the petition his special ownership or interest in it, and that evidence of a qualified or special ownership will not support a claim of ownership absolute. This decision was followed and affirmed in the recent case of *Ward v. Ryba* (58 Kan. 741, 51 Pac. 223). The rule of these cases is directly applicable to the pleading and evidence of this plaintiff in this case.

The questions we have been considering were raised by plaintiff in error, defendant below, under an objec-

tion to the introduction of evidence under the reply. This we hold to be proper. The general rule is that an objection to a pleading upon the ground that it constitutes a departure is to be taken advantage of by demurrer or by motion to strike out for insufficiency of allegation. Encyc. Pleading and Practice, vol. 6, 468. If a demurrer or motion will lie, an objection to evidence under the insufficient pleading may also be made. The ground of such demurrer or motion is that proof of the facts alleged, if made, would be unavailing in law to establish a claim or defense. An objection to evidence is bottomed on the same ground.

The reply of plaintiff below did not admit the allegation made in the answer that a sufficient amount of the mortgaged goods had been sold previous to the constable's levy to satisfy the mortgage debt and costs of sale. However, the evidence of the cashier of the defendant in error practically admits that such was the case. If such were the fact, the defendant in error could have no standing to contest the constable's right to the property, however properly its pleadings might have been constructed. "When any mortgage of personal property shall have been fully paid or satisfied, it shall be the duty of the mortgagee, his assignee or personal representative, to enter satisfaction or cause satisfaction thereof to be entered of record," etc. General Statutes 1897, ch. 120, § 9. The rationale of the decisions in *Sims v. Mead* ( 29 Kan. 124 ), *Bragunier v. Iron Co.* ( 41 id. 542, 21 Pac. 640 ), and *Mannen v. Bailey* ( 51 id. 442, 32 Pac. 1085 ), is, that when a mortgagee of personal property has realized by a sale of it a sufficient amount to satisfy the mortgage debt and expenses of sale, the unsold residue is subject in his hands to seizure upon execution to satisfy the mortgagor's other debts ; and such residue of property

*2. Residue of property subject to execution, when.*

cannot be withheld from the mortgagor's judgment creditors by an agreement made between the mortgagor and mortgagee to apply it to the claims of the general creditors of the mortgagor. Whether the evidence established the claim of the defendant in error that the mortgage debt had been satisfied at the time of the levy by him, may admit of a slight doubt in point of fact; but the non-admissibility of evidence on behalf of defendant in error in support of its claim of right to hold the residue of the mortgaged property for the purpose of selling it and paying the orders drawn by Mrs. Sherman in favor of her other creditors, admits of no doubt in point of law.

It hardly needs to be said that the pendency of the controversy between the defendant in error and the other claimant of the property, who, as before mentioned, had sued the defendant in error for its conversion, constitutes no part of a cause of action against the plaintiff in error. Even had the existence of such controversy been set out in the petition, it would have been unavailing. For a plaintiff in an action for damages for the conversion of personal property to ground his case upon the fact that he had been sued for conversion of the same property by another person, would indeed be an extraordinary pretense of legal right.

An objection was made to the consideration of the pleading first noticed, on the ground of some obscurity in the record as to an amendment of the petition; but it was not well taken.

The judgment of the District Court is reversed, with directions to award plaintiff in error a new trial, and for such proceedings in conformity to this opinion as may be proper.