THE UNION CASUALTY AND SURETY COMPANY v.
SILAS W. BRAGG.

No. 12,499. (65 Pac. 272.)

SYLLABUS BY THE COURT.

1. LIFE-INSURANCE POLICY—*Departure in Pleading*. In an action on an insurance policy, it was alleged in the petition that the insured had done and performed all of the requirements of the policy on his part. The condition required prompt payment of premiums as they became due. The insurance company answered, averring that the policy had lapsed by reason of a failure to pay the last premium. In reply, the plaintiff alleged that the company had waived such payment, and, further, that by its conduct it was estopped from claiming that the premium was not paid. *Held*, that the allegations of the reply constituted a departure from the averments of the petition.

2. ———— *Authority of Clerk of General Agent—Company Estopped*. A clerk of the general agent of an accident insur-

ance company wrote to the insured that he (the clerk) had been charged with the last instalment of premium due from the insured on the policy, and requested a remittance of the same to him. In fact, the clerk had not paid the premium, but was liable to the company therefor by reason of his failure to deduct it from the amount of the indemnity paid to the insured, under the policy, as the result of a previous accident. After the insured had sustained another injury within the time limit of the policy, he was informed that the premium mentioned had not been charged to, or paid by, the clerk, and that his insurance had lapsed. *Held*, that the clerk had authority to give information of a thing which, if done, would bind the company, and that the insurance company cannot be heard to assert a forfeiture after a liability has arisen on the policy, when, by its course of dealing, it has induced the insured to believe that the premium was paid.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed June 8, 1901. Division two. Reversed.

*W. T. McCarty*, and *Madden Bros.*, for plaintiff in error.

*Chas. B. Graves*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: On the 30th day of January, 1895, the defendant in error, a locomotive fireman, took out a policy of insurance against accidents in the plaintiff in error company. It recites that it is issued in consideration of the warranties in the application and of an order for certain moneys drawn on the Atchison, Topeka & Santa Fe Railway Company by the insured. The policy is divided into four periods: (1) Two months; (2) two months; (3) three months; (4) five months. The amount of the premium for each period was eight dollars, payable in February, March, April, and May, respectively. The application contained the following clause: "All claims for injuries effected

during any period for which its respective premium has not been actually paid shall be forfeited to the company.''

It is conceded that three instalments of premium were collected from the railroad company by the accident company, which carried the policy to August 30, 1895. The controversy is whether the eight-dollar payment due in May, 1895, was paid to the insurance company, either by the insured or the railway company, or the payment waived. If so, the policy was kept in force until January 30, 1896 ; if not, then the policy had lapsed when Bragg was injured, on January 10, 1896, indemnity for which he seeks to recover in this action.

On April 13, 1895, during the second payment period of the policy, the defendant in error was accidentally injured, and later presented a claim, which was acknowledged by the company, for twenty-six weeks' indemnity, amounting to $260. This amount was paid to the insured on December 2, 1895. One Libby, who was in the employ of the company as a bookkeeper, whose duty it was to check up claims ready for payment, through an oversight neglected to deduct the eight-dollar premium, pay-able in May, from the $260 indemnity paid for the injury caused by the accident in April. This, Libby testifies, it was his duty to do. On January 2, 1896, Libby wrote to Bragg the following letter :

2. Authority of clerk—company estopped.

''DEAR SIR—On December 2 last you were paid a claim from this office for $260. Same was for twenty-six weeks' indemnity, at ten dollars per week. You are probably aware that the premium on your policy No. 344,035 was thirty-two dollars. Twenty-four dollars only of this has been paid, leaving a balance due of eight dollars.

"The undersigned is the unfortunate clerk in Mr. Brooks's office who checked up this claim, inasmuch that when doing so neglected to collect from the draft sent you the amount due as above stated. Now this eight dollars has been charged against his monthly salary, and he respectfully refers the matter to you, that you may help him out by appreciating the situation and remit the amount. I have reason to think that your claim was satisfactorily settled, and have no reason to doubt but that you intend to pay for this policy, on which such good value has been returned."

At the time of the accident on January 10, 1896, indemnity for which is here involved, the plaintiff below rested under the belief that Libby had made the payment to the company of eight dollars due from him, which, if paid, kept the policy alive to January 30, thus extending it in force past the date when the insured was injured.

The general agent of the company testified that, in fact, the eight-dollar premium due from Bragg was never charged to Libby by the company. Libby testified that this letter was written without authority from the general agent of the company, by whom he was employed. It having been the duty of Libby to deduct from the $260 due Bragg the eight-dollar premium, his letter to the latter confessed his neglect, and gave Bragg to understand that his (Libby's) liability to the company by reason thereof had been satisfied by payment of the amount. A payment, if made by Libby, under such circumstances inured to the benefit of Bragg. The company could have recovered from its negligent servant the amount of the premium he paid over to Bragg through oversight. That the payment was not made, as stated in the above letter, was not known to the plaintiff below until after the accident of January 10, 1896. By the conduct of

Libby, the insured, at the time of the accident, thought that the defaulted premium had been received by the company.

The authority of the bookkeeper, Libby, to bind the company by giving information to the insured of a thing which, if done, would bind the company, cannot be denied. (*Insurance Co. v. Stone*, 61 Kan. 48, 54, 55 ; 58 Pac. 986.) It was the notice conveyed to Bragg that the premium had been paid which relieved him from further concern regarding its payment, as between him and the insurance company. From the receipt of the letter he thought he owed Libby. From that time until the accident, he had a right to suppose that all demands on him for premium had been satisfied, so far as the insurance company was concerned. The company cannot be heard to assert a forfeiture after a liability has arisen on a policy of insurance, when, by its course of dealing, it has induced the insured to believe that payment of a premium has been made.

In the case of *Lyon v. Travelers' Ins. Co.*, 55 Mich. 141, 20 N. W. 829, the insured gave an order on a railway company for the premium to become due. The insurer failed to collect the last premium from the railway company, but did not notify the insured until a liability had been incurred under the policy. It was held that the company was liable. The court said :

"A forfeiture is not favored either at law or in equity, and a provision for it in a contract will be strictly construed, and courts will find a waiver upon slight evidence, when the equity of the claim made, as in this case, is, under the contract, in favor of the insured." (See, also, *Painter v. The Industrial Life Association*, 131 Ind. 68, 30 N. E. 876.)

From the facts developed at the trial, we are of the opinion that the insurance company is liable.

Counsel for plaintiff in error present a serious question arising on the pleadings in the case, which, we think, must be decided favorably to their contention. The petition sets out a copy of the application and policy, and avers that "plaintiff has done and performed each and all of the requirements of said policy, so far as he is concerned." This allegation is intended to mean that plaintiff below paid the premiums in conformity with the conditions of the policy. The answer of the insurance company denied specifically that the premium due in May, 1895, had ever been paid, and averred that, for this reason, the policy had lapsed at the time of the accident. In his reply, the plaintiff below alleged that the insurance company had waived this payment of the premium by failure to collect the amount from the railway company, although it had an order for the same, and that the conduct of Libby, in writing the letter aforesaid, estopped the company from claiming that the premium was not paid.

1. Departure in pleading.

In *Johnson v. Bank*, 59 Kan. 250, 252, 52 Pac. 860, 861, a departure in a reply was stated to be matter which is not pursuant to a previous pleading of the same party, and which does not support it, "and a test of departure in a reply is the question whether evidence of the facts alleged in it would be, if received, contradictory of the allegations of the petition." An attack was made on the reply both by demurrer and by motion to strike out. The former the court refused to consider, because not filed in time. The latter was heard and overruled. In this we think the court

erred.   There is a direct conflict between the allegations of the petition and the reply in the respect mentioned.

The judgment of the court below is reversed and a new trial ordered.

DOSTER, C. J., POLLOCK, J., concurring.