THE HUNTER MILLING COMPANY v. JACOB H. ALLEN.

No. 12,676.    (69 Pac. 159.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT— *Statement of Case by Counsel—Departure from Petition.*  Where, in an action brought to recover the value of wheat alleged to have been converted by the defendant, the counsel for plaintiff in his oral statement to the court and jury, recites a condition of facts upon which he would be entitled to recover only for storage charges paid by him on said wheat under a mistake of facts induced by the fraud of defendant, and such statement is a departure from the facts alleged in his petition, it is prejudicial error for the court to overrule proper and timely objections made thereto and proceed to try the cause without either having the petition amended or striking out one or the other of such causes of action.

Error from Sumner district court; W. T. McBRIDE, judge.    Opinion filed June 7, 1902.    Reversed.

*C. E. Elliott*, and *James Lawrence*, for plaintiff in error.

*W. W. Schwinn*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The material allegations of the petition are : That the defendant, the Hunter Milling Company, in the years 1893, 1894, 1895, 1896, and 1897, and at the time this action was commenced, was a corporation operating an elevator in the city of Wellington ; that during that time, and prior to 1897, the plaintiff deposited in said elevator a large quantity of hard wheat, under an agreement that the company would keep it on deposit in separate or private bins and return the identical wheat upon demand ; that prior to the 25th day of June, 1897, the defendant had returned to plaintiff, or had accounted to him,

for all of said wheat so deposited, except 3407 bushels and 50 pounds, which was worth 64 cents per bushel, or $1077.85; that plaintiff demanded a return thereof, or its value, which was refused. The petition also alleges that, upon the deposit of the wheat, the defendant mixed it with other wheat belonging to himself and others and converted it to his own use, without the knowledge or consent of plaintiff; and that such fact was unknown to plaintiff until within sixty days prior to the time of filing his petition.

To this petition the defendant filed a general denial. The cause was tried by a jury. Counsel for plaintiff in the opening statement of his cause stated that the defendant agreed to keep said wheat in separate bins and deliver the identical wheat on demand, but that immediately upon such deposit the defendant had converted it. He also stated facts which admitted that defendant had accounted for and plaintiff had received pay for all wheat so deposited; that a settlement was had and storage charges allowed by the plaintiff, with the understanding on his part that his wheat had been actually kept on hand during all the time for which he paid storage; that some time prior to the beginning of this action he discovered that defendant, immediately upon the deposit, had converted the wheat, and was therefore not entitled to the storage paid by plaintiff; and that the action was brought to recover the storage thus wrongfully charged and mistakenly paid and for the value of the wheat remaining in the elevator.

Upon this statement having been made, the defendant requested the court to render judgment in favor of it, because the statement did not conform to the facts pleaded in the petition and the cause of action

stated to the jury was not the cause of action stated in the petition ; that the cause of action stated in the petition was for the conversion of the wheat, while that stated to the jury was one to recover for storage charges paid through mistake or fraud. This request was overruled, and excepted to by the defendant. The defendant then requested the court to withdraw the cause from the jury, for the reason that under the statement the plaintiff is seeking to recover upon one cause of action alleged in his petition, and an entirely different one in his statement to the jury. This request was overruled, to which the defendant excepted.

At the trial, the jury found for the plaintiff in the sum of $2230.70, for which amount judgment was rendered, and from which judgment the defendant prosecutes error.

When the plaintiff had introduced his evidence, the defendant demurred thereto, for the reason that the evidence did not support the cause of action alleged in the petition. This was overruled. Among other instructions, the court instructed the jury as follows :

"The principal questions of fact for you to determine in this case are as to the terms of the contract under which the wheat was stored, and as to whether the terms of the contract for the storing of the same have been kept and performed by the parties ; and it is upon these questions that the principal questions of law in the case arise."

The court also instructed the jury, in substance, that if it should find the contract was that the wheat should be kept separate and apart in the elevator, and the identical wheat returned upon request, and that it was so kept, then the verdict should be for defendant.

The cause was tried as an action to recover an over-

Hunter v. Allen.

charge for storage, and by the instructions this was the question to which the attention of the jury was specially directed.   There are no facts stated in the petition that would authorize the admission of evidence to establish a cause of action for excess storage. The cause of action stated by plaintiff to the jury was in its nature one to set aside a settlement and recover for storage of wheat paid by plaintiff through a mistake of facts induced by the fraud of defendant.

The evidence of both parties conclusively proved that the defendant had accounted to plaintiff for all wheat so deposited, so that a verdict could not properly have been returned or judgment rendered against it for the value of the plaintiff's wheat.   The jury, in answer to a special question, found that at the time of the settlement, on June 25, 1897, there was nothing due defendant for the storage of wheat.   Its verdict, therefore, must have been for the amount of storage it found that plaintiff had paid, and to which the defendant was not entitled.·  The facts stated by counsel for plaintiff to the jury, which he then claimed constituted his cause of action, were a departure from those set out in his petition.

Mr. Pomeroy, in his Code Remedies, section 554, says :

"The very object and design of all pleading by the plaintiff, and of all pleading of new matter by the defendant, is that the adverse party may be informed of the real cause of action or defense relied upon by the pleader, and may thus have an opportunity of meeting and defeating it if possible at the trial. . . The requirement, therefore, that the cause of action or the affirmative defense must be stated as it actually is, and that the proofs must establish it as stated, is involved in the very theory of pleading."

"A party to an action should not be allowed to ob-

11—65 KAN.

tain benefits from contradictory and inconsistent allegations deliberately made by himself in his pleadings.   Our civil code does not contemplate any such thing.   The spirit of our civil code is that a party shall state in his pleadings the real facts of his case, and not falsehoods or fictions ; and when each party states what he believes to be the truth and real facts of his case, the court may know precisely where the parties differ.'' (*Kennett v. Peters*, 54 Kan. 119, 123, 37 Pac. 999, 45 Am. St. Rep. 274 ; *Losch v. Pickett*, 36 id. 216, 12 Pac. 822 ; *Wilson v. Fuller*, 9 id. 176 ; *Wolfley v. Rising*, 12 id. 535 ; *Hoisington v. Armstrong*, 22 id. 110.)

A litigant may not allege one cause of action in his petition and orally state an entirely different one and recover upon it.   The evidence and finding must be based upon and correspond to the facts set out in the petition.   In the present case, the plaintiff stated one cause of action in his petition and orally stated and recovered upon an entirely different one.   This procedure cannot be recognized or countenanced by courts.

The judgment of the court below is reversed and the cause remanded.

SMITH, POLLOCK, JJ., concurring.