THE HUNTER MILLING COMPANY V. JACOB H. ALLEN.
No. 14,387.    (88 Pac. 252.)

THE HUNTER MILLING COMPANY V. JACOB H. ALLEN.
No. 14,701.

SYLLABUS BY THE COURT.

REPLY — *New Matter* — *Departure*.   New matter in the reply
which the plaintiff is forced to plead in order to meet the alle-
gations of the answer will not constitute departure if it does
not contradict the facts stated in the petition and if it is not
adopted as a new basis for relief in place of the cause of
action presented by the petition.

Errors from Sumner district court; CARROLL L.
SWARTS, judge.   Opinion filed December 8, 1906.   Af-
firmed.

*James Lawrence,* and *Waggener, Doster & Orr,* for
plaintiff in error.

*W. T. McBride,* and *W. W. Schwinn,* for defendant
in error.

The opinion of the court was delivered by

BURCH, J.:   The principal question in this case is
whether the reply departs from the petition.   The peti-
tion charged that the plaintiff deposited hard and soft
wheat in the defendant's elevator, there to be stored
and kept in separate bins and returned on demand;
that immediately upon receiving it, however, the de-
fendant mixed the wheat with other grain, removed it
from the elevator to defendant's mill, there manufac-
tured it into flour, and then sold the flour as its own.
Part of the deposit was accounted for.   Unavailing
demand was made for the remainder, and judgment
was asked for its value, less a credit of $328.65, made
on June 25, 1897.

The defendant answered by a general denial.   When
the case first came on for trial the plaintiff's attorney

made a statement to the jury showing that the plaintiff had settled with the defendant for the wheat under the belief that it had been stored according to contract, and had allowed the defendant storage charges for the time he supposed the wheat had been on deposit; but that he had discovered the defendant had not kept the wheat in store at all, had converted it to its own use, and was not entitled to the storage charges which had been paid; and hence that the action was brought to recover the storage charges wrongfully charged and mistakenly paid. The case was tried on the theory of the statement instead of the theory of the petition, and verdict and judgment went for the plaintiff.

In a proceeding in error in this court it was properly held that the petition stated a cause of action for the conversion of wheat; that the statement of counsel presented a cause of action for the recovery of money paid by mistake as storage charges upon wheat which had not been kept in store; and hence that a departure clearly appeared. (*Hunter v. Allen,* 65 Kan. 158, 69 Pac. 159.)

When the cause was returned to the district court the petition was not amended. The defendant answered that on June 25, 1897, it purchased all of the plaintiff's hard wheat, and had a settlement with him for storage charges upon both the hard and soft wheat; that the amount of the storage charges was deducted from the price of the wheat and a check for $328.65 was given in payment of the balance; that the soft wheat was on hand when demand for it was made and that defendant stood ready to deliver on payment of storage charges accruing subsequent to the settlement. The plaintiff replied denying the truth of the answer, admitting that upon June 25, 1897, he did agree to sell the hard wheat to the defendant for a stipulated price, and received $328.65 in part payment, and stating that he did not collect the full price and value of all the wheat sold the defendant on the day

named because of his agreement to pay storage. But the reply further charged that "on said 25th day of June, 1897, the defendant represented to the plaintiff that it had kept all the wheat deposited with it by the plaintiff in accordance with said contract, and that by keeping said wheat had earned a sum of money equal to the full value of all the wheat sold to it by the plaintiff except the sum of $328.65, which representations the plaintiff then believed, but has since, and only a few days before this action was begun, ascertained, and alleges the fact to be that the defendant did not keep the plaintiff's wheat at all, but used it for making flour, as it was deposited with it, as alleged in his petition, and had not earned any sum whatever for storing said wheat, and had no claim against the plaintiff for storing his wheat or upon any account at the time it bought his said hard wheat."

The defendant refuses to see anything in this reply but the admission of a sale, failure to obtain the full amount of the price because of fraud, and a demand for the unpaid balance. The court reads it otherwise. The whole transaction of June 25, 1897, is avoided by the allegations quoted. The reply shows that the plaintiff acted upon the belief that his wheat had been kept in identifiable form, segregated from other grain in the defendant's elevator, when in fact it had been ground into flour. This belief was induced by the defendant's representations that the storage contract had been kept. These representations were false and fraudulent. The sale was therefore of no legal consequence because induced by fraud, and because the fundamental element of a sale—a thing in existence to be sold—was wanting. The settlement of accounts after the supposed sale was vitiated by the same fraud. There was in truth no price to be paid and there were no storage charges to be credited. The conversion of plaintiff's wheat is distinctly reasserted with a reference to the petition for the full facts, and no relief

is asked other or different from that prayed for in the petition. Fairly considered, therefore, the import of the reply is that the petition was not abandoned, but that all the facts relating to the dealings between the parties were disclosed for the fortification of the petition and the demolition of the answer.

The various statements in the reply by way of admission that the transaction of June 25 was a sale go far toward placing the plaintiff in the attitude of merely seeking the balance of the price, but since in the same connection he denied the answer, detailed facts which made a sale impossible for lack of an indispensable element, made the settlement on the theory of a sale voidable for fraud, returned to the petition for the statement of his claim, and asked for no relief on the basis of a sale, it cannot be said that he shifted his ground.

The case of Neve v. Allen, 55 Kan. 638, 41 Pac. 966, goes part of the way toward a solution of the problem. There the plaintiff averred that he was the owner in fee simple and in the possession of certain land, the title to which he prayed might be quieted. The answer stated that the defendant was the owner in fee simple of an undivided one-third. The reply conceded that the defendant was the holder of the naked legal title to the share claimed, but advanced facts showing the equitable title to be in the plaintiff and that it would be unjust to allow the defendant to insist upon his legal title. The court said:

"We do not think, however, that this concession changes substantially the claim made in the petition, which need not have contained anything about the nature of the title, whether legal or equitable. The replies met fully the averments contained in the answers, substantially admitting their truth as to the legal title, but stating facts showing that it would be inequitable for the defendants to set up such naked legal title to defeat his full equitable claim to the whole premises." (Page 643.)

So here the plaintiff was not required to set out in the petition the facts relating to the credit of $328.65 allowed as of June 25, 1897. The reply met fully the averments of the answer by admitting what occurred on the day named but stating facts showing the injustice of allowing the transaction to stand as an adjustment of the rights of the parties.

In the case of *Cox v. Hayes*, 18 Ind. App. 220, 47 N. E. 844, the defendant sought to force upon the plaintiff an unwarranted interpretation of his reply. The plaintiff sued upon an account. The defendant answered that he had paid the account by a check which was accepted by the bank upon which it was drawn and credited to plaintiff on his pass-book and on the books of the bank. The reply was that the check was accepted and credited by the bank under an agreement that plaintiff would on the next day deposit cash to make good the credit; that he replaced the check with cash at the bank, took the check to the defendant and demanded that he take it up with cash, but that the defendant refused to do so. The court held that the plaintiff did not abandon the cause of action stated in the petition and set up another on the check, but merely showed by the reply that the payment charged in the answer was not in fact a satisfaction of the account.

So here the plaintiff cannot be held to say that he sues for a balance due on a sale of wheat when the reply distinctly asserts that the wheat was converted and ground into flour long before he attempted to sell it, and that the settlement made under the belief that the wheat was in existence and liable for storage was the product of the defendant's unadulterated fraud. The transaction of June 25, 1897, was repudiated by the petition, which grounded the right of recovery upon the original conversion of the wheat, and because the answer compelled the plaintiff to set up all the

facts it cannot with justice be claimed the petition was abandoned.

An analogous situation is disclosed in the case of *Lamme v. Dodson,* 4 Mont. 560, 2 Pac. 298. The complaint in an action of ejectment stated a good cause of action by pleading the legal title. The answer denied the legal title and set up the statute of limitations. The reply denied the affirmative allegations of the answer and pleaded a parol agreement to defeat the statute of limitations. The defendant claimed the plaintiff had shifted his cause of action from the legal title pleaded in the petition to an equitable title disclosed by the reply. The court said:

"The parol agreement set forth in the replication is made in reply to the claim of the statute of limitations, contained in the answer. It is intended to rebut the allegation of the answer, that the possession of the respondents was adverse. It is deemed to be denied without further pleading. The appellant by setting up this matter does not assume to rely upon this allegation, or abandon his claim to recover upon the legal title. Such matter, set forth in a replication *rendered necessary by the answer,* is not a departure in pleading." (Page 589.)

The present case is clearly distinguishable from those of *Johnson v. Bank,* 59 Kan. 250, 52 Pac. 860, and *Surety Co. v. Bragg,* 63 Kan. 291, 65 Pac. 272. In *Johnson v. Bank* the petition alleged that the plaintiff was the owner of personal property. The answer was that the plaintiff was a mortgagee only. The reply admitted this fact. Both by statute and court decision in this state a clear distinction is made between absolute ownership and the special, qualified ownership of a mortgagee, and a mortgagee is always required to plead the facts relating to his title. The admission of the reply was therefore inconsistent with the claim of the petition, and a departure clearly appeared. In *Surety Co. v. Bragg* the plaintiff alleged performance of all the conditions of an insurance policy. The de-

fense was non-performance of such conditions by failure to pay premiums. The reply pleaded a waiver of payment by failure to collect an order. The plaintiff could not fail to perform and at the same time perform. Proof of one allegation was necessarily incompatible with the other, and the matter set up in the reply constituted a departure.

In this case, when all the facts of the reply were narrated it still remained true that the defendant converted the plaintiff's wheat as the petition alleged. The test of departure applied in the case of *Johnson v. Bank, supra*—Would evidence of the facts alleged in the reply contradict the facts alleged in the petition? —is satisfactorily met. The further test of departure applied when the facts in the two pleadings are not contradictory—Has the plaintiff abandoned the first position, and staked his right of recovery upon the second? —is also met when the reply is construed, as it fairly seems to have been intended, as a defense to the new matter in the answer. The statement of such matter is expressly authorized. (Code, § 102; Gen. Stat. 1901, § 4536.)

One other consideration: The rules of law relating to departure must be observed in order that the issue may be clearly and accurately defined; that the defendant may not be forced to trail the plaintiff from one issue to another; that he may not be placed at the disadvantage of being compelled to meet suddenly and unexpectedly a new case after he has prepared himself against a different one; and that when he is through he may, if necessity should arise, plead the record with certainty as a former adjudication. In this instance the case was actually determined on the theory of the petition. The plaintiff's opening statement to the jury, unlike the one at the former trial, adhered to the cause of action presented by the petition. The court in defining the issues to the jury stated that the plaintiff claimed the defendant had converted his wheat and

was liable for the value of it. The jury were instructed in clear and positive terms that the plaintiff's right of recovery depended upon the conversion of his wheat by the defendant. The verdict, special findings and judgment are based strictly upon the petition, and not upon the reply as a cause of action. Therefore, the defendant has been obliged to meet no departure. He has been defeated upon nothing but the very issue which he insists was the proper one to try. His substantial rights have not been prejudiced.

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." (Code, § 140; Gen. Stat. 1901, § 4574.)

Nothing else in the record requires a reversal of the judgment. Having delivered the wheat to the defendant, the plaintiff was *prima facie* entitled to its return or to its value.

After the plaintiff's case had been stated to the jury counsel for the defendant outlined the facts constituting the defense to the court, announced that he desired to state such facts to the jury in his opening, and took the opinion of the court upon the question whether the facts stated were provable under the general denial. The court held they were not and required an answer embodying them. This ruling is assigned as error. Having fully disclosed its defense to the court and to opposing counsel, the defendant lost nothing by the ruling but the time and labor of counsel in writing out the facts in an answer. The defense was not impaired in the least.

In the former case of *Hunter v. Allen,* 65 Kan. 158, 69 Pac. 159, the opinion commented upon the evidence. It is claimed the facts were therefore conclusively adjudicated here. This court has no such power in a pro-

ceeding in error. (*In re Burnette,* 73 Kan. 609, 85 Pac. 575.)

The evidence was sufficient to support the verdict. The special interrogatories refused were improper because pregnant with the contradiction of buying wheat not in existence and settling for it with storage charges never earned. When the court came to submit the cause to the jury it found that a single fact was decisive of the plaintiff's right to recover: Did the defendant convert the wheat instead of keeping it in store? If the wheat was converted the kind of settlement upon which the defendant relied was negatived, for it presupposed wheat in the elevator with storage charges against it. The defendant made no claim that it settled up a case of conversion for wheat taken for storage but ground into flour and sold. If the wheat was not converted the plaintiff could not recover at all. Therefore all the special interrogatories presented for submission might properly have been refused without prejudice to either party. The instructions to the jury were correct and sufficiently covered the case.

The judgment of the district court is affirmed.

JOHNSTON, C. J., MASON, SMITH, JJ., concurring.

GRAVES, J. (concurring specially) : I concur in the law stated in the syllabus of this case, although I think it is inconsistent with previous decisions of this court. I also concur in the conclusion that the judgment of the district court should be affirmed.

I do not agree, however, with all that is said in the opinion. The effort made to harmonize the law of this case with that heretofore expressed in some of the cases decided by this court fails, in my judgment, to accomplish its purpose. The cases are irreconcilable. Under the law of these former decisions the pleadings in this case present a departure and the judgment should be reversed. To this extent I concur in the dissent of Mr. Justice Greene.

GREENE, J. (dissenting) : I dissent from the majority opinion. In my judgment it is grounded on a misinterpretation of the reply. The cause of action in the petition was conversion to recover the market value of certain hard and soft wheat. The necessary averments of such a petition are a description of the property, ownership in the plaintiff, and a wrongful appropriation by the defendant. The answer pleaded a general denial, and in the third paragraph thereof a purchase of and payment for the wheat. The reply pleaded a general denial, and the following facts·:

"(4) Replying further to the third paragraph of the defendant's answer the plaintiff says he admits that on or about the 25th day of June, 1897, he agreed to sell to the defendant 1683 bushels and 20 pounds of hard wheat at the price of 64 cents per bushel, and 1723 bushels and 50 pounds of hard wheat at the price of 67 cents per bushel, all of which wheat the defendant received, and the defendant paid to the plaintiff in part payment for said wheat the sum of $328.65, but did not make the plaintiff any other or further payment for said wheat or render to the plaintiff any service or give him any other thing of value for said wheat. And the plaintiff was not indebted to the defendant at the time he sold said wheat to the defendant for storing wheat for him or upon any account whatever.

"(5) Replying further to the third paragraph of the defendant's answer the plaintiff says that the reason he did not collect from the defendant the full price and value of all the wheat which he sold to the defendant on or about June 25, 1897, was that for several years prior thereto he had been depositing with the defendant for storage in its elevator large quantities of both hard and soft wheat under an agreement, as alleged in the petition herein, that the defendant should keep such wheat separate and apart from any and all other wheat and deliver the same to the plaintiff upon demand and should receive therefor one cent per bushel for the first fifteen days such wheat was kept by defendant and two-thirds of one cent per bushel per month for all the balance of the time such wheat should be kept by the defendant."

Hunter v. Allen.

For the remainder of the reply see the opinion. The reply was a departure. The plaintiff in the fourth count of his reply admits that he had sold the wheat to the defendant, and in the fifth count affirmatively asserts that he had made such sale and states the amounts and the prices which the defendant agreed to pay therefor, a part of which he had received, and further charges that "the reason he did not collect from the defendant the full price and value of all the wheat which he sold to the defendant" was because of certain fraudulent representations and statements of the defendant made to him that he was 'indebted to it, by which he was induced to allow it a credit therefor on the settlement for the purchase-price of the wheat.

Something is attempted to be made out of the general denial in the reply by the majority opinion. In so far as such general denial was intended to apply to the third count in the answer, which alleged a purchase of the wheat, it was modified by the admissions just referred to in the fourth and fifth counts of the reply.

"Whatever is admitted in a special defense operates, so far, as a modification of a 'general denial,' and is to be taken as true, without other proof." (*Albert Wiley v. Keokuk,* 6 Kan. 94, syllabus.)

If the plaintiff had parted with the ownership of the wheat he could not maintain conversion. The cause of action alleged in the petition is based upon ownership. When the defendant alleged that the plaintiff had parted with that ownership to the defendant, the plaintiff realized that a recovery in conversion was legally impossible, shifted his position by his reply, admitted the contract and sale, and alleged the fraud practiced upon him in the settlement and payment for the wheat. The facts thus pleaded were ample to warrant the court in setting aside the settlement and rendering judgment for plaintiff for the unpaid contract price of the wheat.

44—74 KAN.

It is asserted in the opinion that "the whole transaction of June 25, 1897, is avoided by the allegations quoted" from the reply. Two answers may justly be made to this assertion: First, the quotation does not fairly state the full scope of the reply; and, second, the reply does not seek to have the whole transaction of June 25, 1897, set aside, nor would the facts pleaded have warranted the court in setting aside any part of the contract of sale except the settlement, that being the only part of the transaction to which the fraudulent representations of the defendant applied, and which induced plaintiff to accept the amount of the storage account in part payment for the wheat. If the facts stated in the reply had been pleaded in a petition it would have stated a good cause of action upon which a court would have set aside the settlement and awarded judgment for the plaintiff for the contract price of the wheat, less the amount admitted to have been paid. The facts charged in the reply were absolutely contradictory of the allegation of conversion. The proof of their existence on the trial would have defeated the action in conversion.

It is said in the opinion, however, that there could not in law have been a sale of the wheat at the time when it is said by both parties that the sale took place and a payment was made, which the plaintiff in his reply states was a payment on the purchase-price of the wheat, because of the non-existence of the subject-matter. This is only a playing with words. What they did, according to the facts alleged in the reply, was to meet and determine the amount of wheat which plaintiff had delivered to the defendant, the grade or quality, and what it was then worth per bushel, and the defendant agreed to give the price and the plaintiff agreed to take it. No complaint was made that any fraud was perpetrated upon the plaintiff up to this point. The fraud consisted in the defendant's inducing the plaintiff by false representations to believe.

that he was indebted to it in a certain amount for the storage of this wheat, and by this false and fraudulent representation inducing the plaintiff to accept as a credit on its indebtedness to him for the wheat this storage account, which equaled the entire value of the wheat except the sum of $328.65, for which the defendant gave its check. This was a settlement of the entire wheat transaction, subject of course to be set aside or modified and enforced as modified by the court for fraud. Whether there was a sale in fact is not a question for this court to decide in passing upon the question of departure in pleading. We can only construe the facts charged to determine that question.

The case of *Johnson v. Bank,* 59 Kan. 250, 52 Pac. 860, was an action in conversion by the bank. In its petition it alleged that it was the owner of the property. The defendant attempted to justify as a constable holding the property under an execution against Mrs. Sherman, and alleged that the plaintiff's only interest was that of a mortgagee. The plaintiff replied admitting its interest to be that of a mortgagee only. An objection was made upon the trial to the admission of evidence under the reply because it was a departure from the cause of action alleged in the petition. This objection was overruled, and upon proceedings in error it was held that there was a departure and the cause was reversed. In *Surety Co. v. Bragg,* 63 Kan. 291, 65 Pac. 272, the plaintiff brought suit on an insurance policy and pleaded performance of all the conditions of the policy. The defense was a failure to pay premiums. The plaintiff in reply pleaded a waiver. It was held that this was a departure, and the cause was reversed.

The best test of a departure is: Would evidence properly admitted under the reply tend to contradict the allegations of the petition? Applying that rule to this case we think it demonstrates that there was a departure. The admission in the reply that the plaintiff

had sold the wheat to the defendant contradicts the allegation of ownership in the plaintiff. If the plaintiff recovered on the cause of action stated in his petition he would be entitled to the value of the wheat at the time of its conversion, with interest, while if he recovered on the cause of action stated in his reply he would be entitled to the price at which he contracted to sell it, less the amount paid him. In *Johnson v. Bank,* 59 Kan. 250, 52 Pac. 860, quoting from volume 6 of the Encyclopædia of Pleading and Practice, page 460, it was said:

"A departure is the statement of matter in a reply, replication, rejoinder, or subsequent pleading, as a cause of action or defense, which is not pursuant to the previous pleading of the same party, and which does not support and fortify it."

PORTER, J. (dissenting) : I concur in the foregoing dissent. The reply, in my opinion, furnishes a very fair example of a departure in pleading. It answers every test. It enlarges the ground upon which recovery was sought originally and fortifies the petition. Evidence of some of the facts relied upon in the reply could not have been received under the original pleading. For instance, under the petition proof of the value of the wheat at the time of the alleged conversion would have been proper; under the facts set forth in the reply the value of the wheat was not involved, but the contract price was. Unless we are to discard a most salutary rule of pleading and depart from previous rulings of this court the judgment should be reversed.