J. W. STURGEON, *Appellee*, v. GEORGE H. CULVER, *Appellant*.

No. 17,688.

SYLLABUS BY THE COURT.

1. CONTRACT—*Agency—Letters—Pleadings—No Departure.* In a petition plaintiff set forth certain letters which, it was claimed, constituted a contract of agency. The answer was a denial and an averment that the defendant was not authorized to enter into the contract. The reply met the latter defense and pleaded other correspondence tending to support the contract pleaded in the petition. As the new facts in the

reply did not contradict those set forth in the petition it can not be deemed a departure, and the admission in evidence of the additional letters was not error.

2. AGENCY—*Commission—Title to Real Estate.* It is no defense to an action brought by an agent to recover a commission for negotiating a sale of real estate that the principal does not hold the title to the land.

3. ESTATES—*No Debts—No Necessity to Sell Real Estate.* Where an estate of a deceased person is in process of settlement and there is no claim filed against the estate nor any debts left by the deceased there is no occasion for the heirs, to whom the real estate descended, to apply to the probate court for authority to sell it. Such authority is only required where the personal estate is insufficient to meet the indebtedness of the deceased.

Appeal from Gray district court. Opinion filed June 8, 1912. Affirmed.

*D. B. Fuller,* for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: J. W. Sturgeon brought this action against George H. Culver to recover a commission of $240 for finding a purchaser of what is spoken of as the Culver farm. He recovered the amount claimed and Culver appeals.

The land was owned by Asa Culver at the time of his death, and the appellant, who was a son and heir, was appointed as administrator of the estate. It was contended that an agreement was made between appellant and appellee to the effect that if the latter would find a purchaser for the Culver farm at a fixed price appellant would pay a commission of two and one-half per cent of the sale price. On the other hand appellant insists that, although negotiations were had, a contract was not consummated; and, further, that the administrator had no authority to make a binding contract to pay a broker's commission. The principal

contention here is that the correspondence and negotiations between the parties, as alleged and proven, did not amount to a contract. In his petition appellee set forth three letters of appellant relating to the sale of the land as the evidence of the agreement. In his answer appellant denied that the contract sued on was made, and he specifically alleged that it was not consummated by the letters set out in the petition, and also that in the negotiations he acted in an official capacity. In a reply appellee admitted that appellant was an administrator, but alleged that the contract was made by appellant in his personal capacity, and that certain letters showed that proceedings in the probate court were not necessary to authorize a sale of the land or to warrant the making of the contract in question; and, further, that certain letters of appellant, other than those quoted in the petition, disclosed more completely the making and consummation of the contract. Appellant complains of the admission in evidence of letters written by appellant to appellee before and after the date of those set forth in the petition, and also of the conversations had after the letters were written. While the letters copied in the petition were pleaded as constituting the contract of the parties, the other letters were set forth and received in evidence as explanatory and corroborative of the first and not as a modification or enlargement of the contract evidenced by the first. The reply met some of the allegations of the answer. There was no shifting of position by appellee or abandonment of the cause of action set forth in the petition. The new facts in the reply did not contradict those stated in the petition and the reply was in no sense a departure. (*Hunter v. Allen,* 74 Kan. 679, 88 Pac. 252.) The letters satisfactorily show an agreement by appellant that if appellee would find a purchaser for the land at the price of $9600 appellant would pay him a commission of two and one-half per cent of that amount. At first appellee asked

for a greater commission but finally accepted the offered rate. Appellant first named $10,000 as the price of the land, but when an offer of $9600 was submitted he replied that the amount was satisfactory to him and to the other heirs who with him owned the land. Afterwards appellant proposed that he would carry out the deal if appellee would take $100 as his commission. He did not do so, and some time later appellant negotiated directly with the same purchaser and sold him the land for $10,000. It would therefore appear that appellee had earned the commission.

It is contended, however, that appellant had not obtained authority from the probate court to sell the land, and hence could not bind the estate to make a sale by any agreement he may have made. The testimony indicates that appellant was acting in his personal capacity. The fact that he did not hold the complete title, or any title, to the land is immaterial if the services contracted for have been performed by his agent. It is no defense to an action brought by an agent against his principal to recover a commission for negotiating a sale of land that the principal does not hold the title to the land. (*Moore v. Daiber*, 92 Mich. 402, 52 N. W. 742; *Jones v. Adler*, 34 Md. 440; *Rounds v. Alee*, 116 Iowa, 345, 89 N. W. 1098; *Gorman v. Hargis*, 6 Okla. 360, 50 Pac. 92; 19 Cyc. 239.)

Aside from this consideration the letters of appellant show that there was no occasion to appeal to the probate court for authority to sell the land. Authority of that kind is only required when the personal estate of the deceased is insufficient to meet the indebtedness. The deceased left no debts and it was agreed by the heirs that no claims would be filed against the estate. The land could be sold without authority from the probate court, and, in any event, the appellant became personally liable for the commission when the appellee performed the conditions of his contract of agency.

The judgment is affirmed.