No. 25,618.

FRANK V. MINTER, *Appellee,* v. O. P. SHEARER, *Appellant.*

SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENT—*Failure to Pay License Tax—Action for Commissions —Disqualification Removed by City Ordinance—Reply Disclosed No Departure from Petition.* The petition was in the usual form for the recovery of a real-estate agent's commission. The answer pleaded disqualification to recover because of plaintiff's failure to pay a license tax. The reply pleaded a pardon granted before the action was commenced. *Held,* the reply disclosed no departure from the petition.

2. SAME—*Timely Removal of Disqualification.* The evidence considered, and *held,* timely removal of disqualification to recover was proved.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed January 10, 1925. Affirmed.

*Benjamin F. Hegler,* and *A. V. Roberts,* both of Wichita, for the appellant. *E. L. Foulke,* and *James B. Nash,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover a real-estate agent's commission. Plaintiff prevailed, and defendant appeals.

The petition alleged that defendant employed plaintiff to assist in effecting a trade of plaintiff's land for a stock of goods, and that, pursuant to his employment, plaintiff performed service whereby the trade was consummated. The answer alleged, in effect, that plaintiff lacked capacity to sue because he had not paid a city license tax upon real-estate agencies and agents. The reply alleged that before the action was commenced disability to maintain the action had been removed. Defendant contends plaintiff's pleadings disclosed departure.

The basis of recovery proposed by the petition was employment of plaintiff as a real-estate agent and rendition of the service he was employed to perform. The portion of the answer under consideration did not touch that subject, and the reply did not touch that subject. The answer introduced new matter. The new matter was existence of a stated disqualification which barred recovery, although plaintiff was employed, and although he did render the contemplated service. Plaintiff was obliged to meet the new matter, and did so by pleading timely removal of disqualification. The

reply was perfectly consistent with the petition. Plaintiff was a real-estate agent, was employed by defendant, and did what he was employed to do, whereby he earned a commission, whether disabled or not disabled to enforce payment of the commission, and that continued to be the basis of the relief which he sought after the reply was filed.

"New matter in the reply which the plaintiff is forced to plead in order to meet the allegations of the answer will not constitute departure if it does not contradict the facts stated in the petition and if it is not adopted as a new basis for relief in place of the cause of action presented by the petition." (*Hunter v. Allen*, 74 Kan. 679, 88 Pac. 252, syl.)

By the decision in *Hunter v. Allen* the court intended to sweep away finical notions of departure which had previously prevailed, and to restrict application of what was left of the doctrine of departure to those instances in which actual prejudice might result from confusion of issues.

Removal of disability consequent upon nonpayment of the license tax, effected before the action was commenced, qualified plaintiff to recover. (*Draper v. Miller*, 92 Kan. 275, 140 Pac. 890.) Defendant contends that timely removal of disability was not proved.

On October 25, 1921, the following action was taken by the board of commissioners of the city of Wichita:

"On October 4, the board of commissioners considered request of Foulke & Nash to issue a reprieve to their client for failure to pay a certain real-estate license, Miscellaneous 187; same discussed; Hamilton moved that a reprieve be granted. Motion carried."

Plaintiff's petition was filed on November 2, 1921. On May 16, 1922, the board of commissioners of the city adopted the following resolution:

"*Resolution granting Frank V. Minter a pardon and reprieve for violation of ordinance No. 6732 of the City of Wichita, Kansas.*

"Whereas, Frank V. Minter has made application to this board for a pardon and reprieve from the liabilities imposed for violations of ordinance No. 6732 of the city of Wichita, Kansas:

"*Be it resolved,* therefore, by the board of commissioners of Wichita, Kansas, that said Frank V. Minter be and he is hereby granted a full and complete pardon and reprieve for any offenses which he may have committed in violation of the provisions of said ordinance, and particularly that portion which requires persons pursuing the business of making sales of real estate for others on a commission, to pay a tax as in said ordinance provided, it being the intention of this board to relieve the said Frank V. Minter from the liabilities imposed by said ordinance to the same extent as though he had never

violated any of the provisions thereof, and it being the intention of said board of commissioners, in granting said pardon and reprieve, to bring itself under the provisions of section 1530 of the General Statutes of 1915.

"This resolution shall take effect as of the 25th day of October, 1921 (Journal M., page 605), and confirms the action of the board of commissioners as of that date.

"Adopted this 16th day of May, 1922.            "George H. Hamilton,
"Attest:  H. D. Lester, *City Clerk.*                          *Mayor.*"

There was evidence that but one application for pardon was presented to the board of commissioners. It was presented previous to the action taken on October 25, 1921, and the client of Foulke & Nash referred to in the proceeding of October 25, 1921, was the Frank V. Minter who was named in the resolution of May 16, 1922, and who is the plaintiff. The statute under which the board of commissioners acted reads as follows:

"The board of commissioners shall have power to remit fines and forfeitures, to grant reprieves and pardons for all offenses arising under the ordinances of such city, by a majority vote of said board." (R. S. 13-1901.)

Since a formal resolution, such as the resolution of May 16, 1922, was not necessary to a pardon or reprieve effective against the city, defendant's contention is not well founded.

The parol evidence identifying plaintiff as the client of Foulke & Nash referred to in the proceeding of October 25, 1921, was supplied by the person who was city clerk in 1921 and 1922. The evidence was offered in response to a request by the court for information on the subject, was not objected to by defendant, and there was not, and is not now, any dispute about the facts. Doubtless because of the production of this testimony, the court left it to the jury to decide whether plaintiff was pardoned before he commenced his action. Defendant contends the question was one of law. If so, the jury decided it correctly.

The allegations of the petition were well sustained by evidence, and the judgment of the district court is affirmed.

Harvey, J., concurs in the judgment of affirmance.