No. 28,468.

R. D. Armstrong, *Appellant,* v. J. W. Lough et al., *Defendants;* W. D. Lough, George L. Weishaar, Roy F. Deng, G. W. Liggett, J. L. Sharpe et al., *Appellees.*

(277 Pac. 51.)

Opinion filed May 4, 1929.

*C. E. Vance,* of Garden City, for the appellant; *R. D. Armstrong,* of Scott City, *pro se.*

*A. S. Foulks,* of Topeka, *Ed R. Bane* and *Leo T. Gibens,* both of Scott City, for the appellees.

The opinion of the court was delivered by

Dawson, J.: The question in this appeal is the sufficiency of an oft-amended petition which succumbed before defendants' motions to strike and the order of court dismissing the action with prejudice.

The action was begun on December 17, 1925, when plaintiff filed his first petition, in which he set up a claim for $3,335.29 for services as attorney for a partnership comprised of defendants, which professional services covered a period of several years up to June 30, 1923. He also alleged that on January 31, 1925, his stated account for these services had been accepted on behalf of defendants by one of their number, J. W. Lough.

This petition was subjected to a motion to make more definite and certain, and without awaiting a ruling thereon plaintiff, on February 3, 1926, with leave of court filed an amended petition setting up the facts alleged in his first petition and adding an allegation touching a contract of dissolution of the defendant partners, dated June 20, 1923, whereby J. W. Lough undertook to conduct the partnership business until it could be wound up and its debts paid. To that first amended petition defendants filed a demurrer, which was not ruled on, and on August 13, 1926, by leave of court, plaintiff filed a second amended petition in which he again pleaded his employment as attorney for defendants and his services thereunder from January 1, 1921, to June 20, 1923, and set up his claim for compensation therefor. To this second amended petition plaintiff attached an itemized statement of account which roughly approximated the amount prayed for in this and the two preceding petitions. This petition, however, did not mention the account stated which had been pleaded in both prior petitions.

To this second amended petition separate demurrers were lodged by two groups of defendants, the grounds therefor being that it did not state a cause of action, and showed on its face that plaintiff's claim was barred by the statute of limitations.

Again, without awaiting a formal ruling on these demurrers, on November 13, 1926, plaintiff filed a third amended petition which differed in no substantial particular from the facts pleaded in the original petition and in the first amended petition. It narrated plaintiff's employment and services as attorney for defendants up to June 20, 1923, the statement and acceptance of his account by J. W. Lough on behalf of defendants on January 31, 1925, and pleaded the contract between the defendant partners which pertained to the winding up of the business and the payment of its debts by J. W. Lough as liquidating partner.

This third amended petition was subjected to separate motions

to strike on various grounds—that it was frivolous, a mere repetition of the first amended petition already "held defective on demurrer," and a departure from the first and all succeeding petitions filed prior to June 20, 1926.

These motions were sustained on April 4, 1927, but leave was given plaintiff to file instanter his fourth amended petition, which once more alleged the facts of plaintiff's employment and services as attorney prior to and down to June 20, 1923, and defendants' indebtedness to plaintiff thereunder as shown by an itemized account attached to the petition. In this petition a second count was formulated purporting to be founded on the same claim for attorney's services, and which set up the contract of the defendant partners whereby J. W. Lough was to serve as liquidating partner, and pleading the statement and acceptance of plaintiff's account by J. W. Lough on defendants' behalf.

To this fourth amended petition some of the defendants filed a motion to strike on the ground of departure. Others filed a motion pleading departure, repetition of earlier pleadings abandoned by plaintiff, and repetition of the first amended petition "held bad on demurrer."

The trial court sustained these motions, dismissed the action with prejudice and entered final judgment accordingly. Hence this appeal.

Before considering the propriety of the judgment on its merits it is needful to settle a dispute which has arisen in this court between counsel touching the disposition in the trial court of defendants' demurrer to plaintiff's first amended petition. According to plaintiff's abstract that demurrer was not passed on, and plaintiff was permitted either expressly or without objection to file a second amended petition. In that situation, it serves no purpose for counsel for defendants to volunteer a statement to the contrary. It was their duty to supplement the abstract with something of record, even if that had to be provided by court order *nunc pro tunc*, to show that the trial court had sustained the demurrer to the first amended petition. (Rules of the Supreme Court, No. 5; *Platts v. Thompson*, 126 Kan. 544, 549, 268 Pac. 833, and citations.) Failing that, this court must accept the record submitted by plaintiff as correct. However, this matter is of little consequence unless there was a substantial departure between the first and last petitions filed herein

which might be affected by the statute of limitations or by the time allowable for appellate review.

What about this question of departure? The proper answer will be discovered by a careful examination of the nature of plaintiff's claim. Against a plea of departure or variance under our liberal civil code the precaution of prime importance in the amending of pleadings is that the cause of action or defense be not materially changed. (R. S. 60-759; *Bogle v. Gordon,* 39 Kan. 31, 17 Pac. 857; *Culp v. Steere,* 47 Kan. 746, 750, 751, 28 Pac. 987; *Grand Lodge v. Troutman,* 73 Kan. 35, 37, 84 Pac. 567; *Kibby v. Hensel,* 81 Kan. 229, 231, 105 Pac. 696; *Taylor v. Railway Co.,* 81 Kan. 232, 68 Pac. 691.) In the original petition plaintiff's claim was one for services as an attorney, with the additional allegation that his claim therefor had been simplified and settled by an account stated. Defendants did not like the issue thus tendered and lodged motions against that petition. In an effort to formulate an issue upon which they might be willing to join, plaintiff, as was his privilege, filed an amended petition. It continued to plead his claim as one for attorney's services. In none of the succeeding amended petitions did it ever cease to do so. Ordinarily a question of departure in a plaintiff's pleadings only arises when there is a seeming inconsistency between the petition and reply, but the really important fault of departure arises where there is a palpable inconsistency between the earlier and later pleadings of a litigant which prevents his adversary from squarely joining issues with him on material matters, and which, if countenanced by the court, would substantially change the action or defense from what it had been at its inception. (*Johnson v. Bank,* 59 Kan. 250, 52 Pac. 860; *Surety Co. v. Bragg,* 63 Kan. 291, 65 Pac. 272; *Sturgeon v. Culver,* 87 Kan. 404, 124 Pac. 419.)

In *Hunter v. Allen,* 74 Kan. 679, 685, 88 Pac. 252, it was said:

"New matter in the reply which the plaintiff is forced to plead in order to meet the allegations of the answer will not constitute departure if it does not contradict the facts stated in the petition and if it is not adopted as a new basis for relief in place of the cause of action presented by the petition." (Syl.)

In *Minter v. Shearer,* 117 Kan. 511, 512, 232 Pac. 249, it was said:

"By the decision in *Hunter v. Allen* the court intended to sweep away finical notions of departure which had previously prevailed, and to restrict application of what was left of the doctrine of departure to those instances in which actual prejudice might result from confusion of issues."

In Phillips on Code Pleading, section 273, it is said:

"Departure in pleading is the dereliction of an antecedent ground of complaint, or of defense, for another that does not fortify the former. This is forbidden, because if the parties were allowed at pleasure to abandon the ground of complaint or defense first asserted and to resort to another, the pleadings would be prolonged, the formation of an issue delayed, and the foundation of the action, or of the defense, might be entirely changed. At common law departure may take place in any pleading subsequent to the plea; in code pleading it can occur only in the reply."

Counsel for appellees cite good authority that an action brought upon an account stated cannot be established by proving the items of the account (*Coal Co. v. Stallsmith,* 89 Kan. 81, 83, 129 Pac. 831), and *vice versa,* an action upon an open account cannot be maintained by proof of an account stated. (1 C. J. 660, 661; id. 724.) But that sensible rule does not forbid a litigant to plead all the material facts. Plaintiff's original petition contained allegations sufficient to state a cause of action upon a general account for services, *and* sufficient to state a cause of action upon an account stated, yet it was clear that no dual recovery was sought. Under technical rules of pleading the facts as alleged in plaintiff's original petition in one count could always be formulated in alternative counts, one on the original indebtedness for his services, and one on the account stated. In *Goings v. Patten,* 1 Daly (N. Y.) 168, it was said:

"But a party might always join with an account stated a count for the original debt, and if he failed upon the one, he might recover upon the other. (1 Saunders on Pleading and Evidence, p. 42.)" (p. 170.)

In 1 Chitty on Pleadings, 16th Am. ed. 473, it is said:

"In framing the pleading rules of Hil. Term, 4 W. 4, it was considered that in assumpsit and debt on simple contract it is just that the plaintiff should be at liberty to proceed as well for the original debt as also upon any admission that it is due, and therefore the rule expressly provides, 'that a count for money due on an account stated *may be* joined with any other count for a money demand, though it may not be intended to establish a distinct subject-matter of complaint in respect to each of such counts.' "

"A party may join a count for the original debt with a count upon an account stated, and, in such condition of the pleadings, should he fail upon the account stated, he may recover upon the original debt; and the converse is likewise true. . . ." (1 C. J. 724.)

See, also, Phillips on Code Pleading, 185-188.

Tested by these authoritative views, the fourth amended petition contained no substantial departure from the cause of action pleaded

in plaintiff's original petition, nor from that pleaded in either of the later intermediate petitions, and the grounds urged in defendants' motions to strike were insufficient to justify the ruling of the trial court thereon, and the final judgment which followed was erroneous. We have not failed to note that the second amended petition contained no allegation concerning an account stated, but that matter was of no consequence since that petition was abandoned. Nor is it important, if true, that some of these amended petitions were filed without formal leave of court. The fourth amended petition with which we are presently concerned was filed by leave of court, and our only concern is whether the essential nature of plaintiff's claim has been changed since the inception of the action. That controlling question must be decided in the negative; and it follows that the judgment must be reversed and the cause remanded for further proceedings.

Reversed.

HUTCHISON, J., not sitting.