Curia, per Woodworth, J.
I do not consider it necessary to examine the question, whether the evidence sufficiently establishes the fact of a false return; being of opinion that this action does not lie against the under sheriff.
The general rule is, that an action will not lie against an under sheriff, for a breach of duty in his office, although *he may, as well as any other agent, make himself personally responsible by a special undertaking. (Cameron v. Reynolds, Cowp. 403; Tuttle v. Love, 7 John. 472.)
The inquiry then is, whether a case like the present is provided for by the statute, (1 R. L. 418, 420, s. 5.) By this act, it is declared that the sheriff shall appoint an under sheriff, and in case of the death of the. sheriff, the under sheriff shall, in all things, execute thébffiee of sheriff until another sheriff shall be appointed ; and the^ defaults and misfeasances in office of such under sheriff, shall be adjudged a breach of the condition of the bond given by the sheriff who appointed him ; and the executors or administrators of the deceased sheriff shall have remedy for his defaults or misfeasances.
The act farther provides that if there be no under sheriff, at the time of the death of the sheriff, or if such under sheriff shall die, or remove out of the county, or become incapable of executing the office, before another sheriff shall be appointed, in every such case the coroner or coroners shall, in all things, execute the office of sheriff, until *213 a .s!l®rcff .shall be. appointed, and take,, upon himself the offence.
mi The act. specifies only the natural death of, the sheriff, That did not happen; and, consequently, the defendant derived no .authority, under this statute, to take, the place of the sheriff. Whether this county, on the, election of Mr. Farlin to the legislature, were, left without any person to discharge the duties of sheriff, is not material-to the point before us. It is enough that the defendant had no authority to act. I incline, however, to the opinion, that by a reasonable construction of the statute, the right to discharge the duties of sheriff devolved on the coroners; inasmuch as one of the contingencies upon which this right depends, is, that the under, sheriff becomes incapable of executing the office. This event has taken place.
The motion for a new trial is denied. [1]
Hew. trial denied.

 A deputy sheriff, who has commenced the execution of procesa by a levy on the property of the defendant, during the term of the -office of his principal, may, after the expiration of such term, proceed and complete the execution thereof by the giving of a deed. Tuttle v. Jackson, 6 Wend. 213.