Robinson v. Hall.

---

## JAMES P. ROBINSON v. JOHN M. HALL.

1. SHERIFF'S DEED, *Executed by Deputy*. Where a sheriff's deed is executed by a deputy, to be valid, it must be executed in the name of the sheriff.

2. SHERIFF'S SALE—*Possession by Purchaser*. The purchaser at a sheriff's sale is not ordinarily entitled to the possession of the premises, as a matter of right, until the deed is executed in conformity with the order of confirmation.

3. SERVICE BY PUBLICATION; *Sufficient Time—Evidence*. Where service is had upon a defendant by publication, and the affidavit of the printer does not show that the notice was published the requisite length of time before answer-day, and the judgment founded upon such service is challenged for want of sufficient publication, the court may examine copies of the newspaper in which the notice appeared, and also receive evi-

dence of the publisher of the paper and other parties to prove that the publication was had for a sufficient time to comply with the provisions of the statute.

*Error from Linn District Court.*

ACTION by *James P. Robinson* against *John M. Hall,* brought May 22, 1882, to quiet the title to the west half of the southwest quarter of section 35, in township 20, of range 22, in Linn county. On August 26, 1882, the defendant filed his answer as follows (omitting title):

"1. Said defendant, for answer to the petition of the plaintiff, denies each and every allegation of the plaintiff's petition herein.

"2. For further answer, said defendant says that he is the owner, in fee simple, of the lands in the petition described, to wit, the west half of the southwest quarter of section 35, township 20, range 22, in Linn county, Kansas, and has been such owner for more than twenty-three years last past, and is entitled to the possession of the same; that his title is derived from and through a patent of the United States to himself for said land; that said plaintiff has never been, and is not now, in the possession of said lands or any part thereof; that said plaintiff has some claim of title to said premises, the nature and character of which is unknown to the defendant, which claim is injurious to the defendant's use and enjoyment of said premises, and which throws a cloud upon the defendant's said title, and injures the marketableness of said land, to the defendant's great injury. The defendant further says that he has at all times paid the taxes on said premises and has at all times had the peaceable and exclusive ownership and use of said premises.

"3. Said defendant further says, that the plaintiff's cause of action arose more than three years before the beginning of this action.

"4. That the plaintiff's cause of action arose more than five years before the beginning of this action.

"5. That the plaintiff's cause of action arose more than ten years before the beginning of this action.

Wherefore, the defendant prays judgment against said plaintiff, quieting the title of the defendant in and to said premises, and decreeing and declaring void the plaintiff's claim of title to said premises, or to any part thereof, and forever enjoining said plaintiff, and all persons claiming under or through him,

from setting up or prosecuting any claim of title to said premises, or any part thereof, and for other equitable relief, and costs."

On September 4, 1882, the plaintiff filed his reply, generally denying the allegations of the answer, and setting forth that the defendant had not at any time, since the plaintiff's action had accrued, been within the state of Kansas, and that he had never been in the state of Kansas for a period of three years. Trial by the court, at the November Term, 1883. The court found that the defendant was the owner in fee simple of the lands in controversy, and that the plaintiff had no title or interest therein. Judgment was entered accordingly. The plaintiff excepted, and brings the case here.

*James D. Snoddy*, for plaintiff in error.

*W. R. Biddle*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: On March 27, 1865, Elisha Mayfield recovered a judgment against John M. Hall in the district court of Linn county for $317.95, and to satisfy the same, obtained an order for the sheriff to sell the following attached property: the southwest quarter of section 35, in township 20, range 22, in said Linn county; subsequently an order of sale was issued to the sheriff of Linn county, and on August 28, 1865, the premises were sold at sheriff's sale to Almira Mayfield, for $302.25; on September 28, 1865, the sale was confirmed by the district court of Linn county, and the sheriff was directed to execute a deed of the premises to the purchaser thereof; on January 8, 1866, one D. F. Park, then deputy sheriff, executed to the purchaser a deed, but this deed nowhere recites who was the sheriff, and is signed and acknowledged by D. F. Park, deputy sheriff; on February 2, 1870, John M. Hall commenced an action in Linn county, against Almira Mayfield, to set aside the deed executed by D. F. Park, deputy sheriff, to her, alleging in his petition that the deed operated as a cloud upon his title to the

land, and also alleged therein "that said pretended deed from said Park to said defendant is without authority, and vests in said defendant no title to or interest in said land." In that action, an affidavit was filed for publication, alleging that the defendant was a non-resident of the state of Kansas; thereupon, service was made upon her by publication. On November 30, 1870, John M. Hall obtained judgment against her that the said deed of conveyance from D. F. Park to her was void as to the land described therein.

Almira Mayfield married a Mr. Mullen in 1867, and as Almira Mullen conveyed the land in controversy to Elisha Mayfield; Elisha Mayfield conveyed the land to John Young; and John Young conveyed the same to James P. Robinson, the plaintiff; Robinson took possession of the land in the spring of 1882. Before that time there were no improvements on the land; at that time he inclosed it with a fence — the whole quarter being fenced together; the fence consisted of two wires, with posts two rods apart. On May 22, 1882, Robinson brought his action against John M. Hall to set aside the judgment of November 30, 1870, rendered in the action of Hall v. Mayfield, and to quiet his title to the land in controversy. The petition alleged, among other things, "that at the time of filing the petition in the action of John M. Hall v. Almira Mayfield, the latter was a citizen of and resident in the county of Linn and state of Kansas; that no service of summons was made upon her in the action; that no summons was issued in the action; that the affidavit for publication was, when made, false so far as it stated that Almira Mayfield was a non-resident of the state of Kansas, and that service of summons could not be made upon her within the state of Kansas." The petition also alleged that at the time of the commencement of the action, Almira Mayfield resided in and was at her residence in the county of Linn and state of Kansas, and continued to reside and remain in said county of Linn and state of Kansas for more than one year after the commencement thereof.

Upon the trial, the plaintiff offered in evidence the deed of

January 8,.1866, executed by D. F. Park, deputy sheriff of Linn county, to Almira Mayfield. The defendant objected to the introduction of the deed, upon the ground, among others, that it was signed by the deputy sheriff, and not in the name of the principal. The court sustained the objection, and excluded the deed. This ruling is complained of. The law then in force in regard to the appointment of deputies by the sheriff, provided:

" Each sheriff may appoint such and so many deputies as he may think proper, for whose official acts and those of his under-sheriffs he shall be responsible,.and may revoke such appointments at his pleasure; and persons may also be deputed by such sheriff or under-sheriff, in writing, to do particular acts; and the sheriff and his sureties shall be responsible on his official bond for the default or misconduct of his under-sheriffs and deputies." (Comp. Laws of 1862, ch. 52, § 72; see also §§ 70, 73, 78, of said chapter.)

The appointment of general deputies conferred on them the power to execute all of the ministerial duties of the sheriff, but the act of a deputy—to be valid—must be done in the name of the sheriff, the principal. Where a deed is executed by a deputy, it must be executed in the name of the sheriff. (Crocker on Sheriffs, §§ 17, 39, 547, pp. 13, 26, 263.) The court, therefore, committed no error in refusing to receive the deed of the deputy sheriff, as it was not executed in the name of the sheriff. The deputy sheriff might have signed and executed the same if he had done so in the name of his principal. (*Lessee of Anderson v. Brown*, 9 Ohio, 151; *Lewes v. Thompson*, 3 Cal. 266; *Joyce v. Joyce*, 5 id. 449; *Rowley v. Howard*, 23 id. 401; *Simonds v. Catlin*, 2 Caines, [N. Y.] 61; *Paddock v. Cameron*, 8 Cow. 212; *Jordan v. Torry*, 33 Tex. 680; *Arnold v. Scott*, 39 id. 378.)

The plaintiff then produced evidence showing that Almira Mullen, neé Almira Mayfield, moved from Bates county, Missouri, to Miami county, Kansas, in the fall of 1867, and lived in that county until May, 1870. She moved from Kansas, in May, 1870, to Noble county, Indiana, and then returned to

Kansas in September, 1870. She moved back to Noble county, Indiana, in September, 1882, and has been living there ever since. The plaintiff further offered in evidence the journal of the district court of Linn county, of the date of March 27, 1865, containing the judgment in the case of Almira Mayfield v. John M. Hall, and also the journal entry of the district court of that county of September 28, 1865, containing the confirmation of the sale of the land in controversy to Almira Mayfield. The plaintiff then offered in evidence the order of sale in the case of Elisha Mayfield v. John M. Hall, and the return thereon. This was rejected, and of this complaint is also made.

We perceive no error in this ruling. The sale and order of confirmation did not pass the legal title. (*Marshall v. Shepard*, 23 Kas. 321.) The purchaser at the sheriff's sale was not entitled to the possession of the premises, as a matter of right, until she obtained a deed. There was no actual possession of the premises taken under the deed of January 8, 1866. That deed was set aside—at least an attempt was made to set it aside—on November 13, 1874, in the action of John M. Hall v. Elmira Mayfield. Plaintiff did not take possession until the spring of 1882. Before that time, there were no improvements upon the land, and therefore, prior to that time, neither Almira Mayfield, nor anyone holding under her, was in the actual possession thereof. As the case is now presented, we are not called upon to give our opinion whether the judgment of Hall v. Mayfield was void, or voidable only, or to decide whether that judgment, even if valid, effected anything other than wiping out the sheriff's deed of the date of January 8, 1866. If Almira Mullen, or any person holding under her, upon the confirmation of September 28, 1865, shall apply for and obtain a sheriff's deed, properly executed, an important question will arise as to the title of the premises in dispute.

There was no error in admitting the testimony of John M. Hall, N. G. Barter and others, as this evidence tended to

prove that the statute was complied with as to constructive service upon the defendant in the case of Hall *v.* Mayfield.

The judgment of the district court will be affirmed.

All the Justices concurring.