## C. M. CONDON v. J. W. MARLEY.

### No. 239.

MORTGAGE FORECLOSURE—*Right of Possession—Rents and Profits.* Where a party purchased real estate—a hotel property—subject to a mortgage, and held possession of the property during the entire time of the pendency of the proceedings to foreclose the mortgage, *held,* that his right of possession was not divested by the sale of the property in such proceedings, but remained until the sale was confirmed and deed issued; and further *held,* that no right of action for the rentals for the time intervening between the foreclosure sale and the deeding of the property accrued to the party purchasing the same at the sheriff's sale.

Error from Labette district court; A. H. SKIDMORE, judge. Opinion filed January 18, 1898. Affirmed.

*Nelson Case,* for plaintiff in error.
*H. G. Webb,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : The defendant, Marley, was the owner of the Oswego House, subject to a mortgage for $8000 thereon in favor of the plaintiff, Condon. The latter foreclosed his mortgage, caused the mortgaged premises to be sold under the decree of foreclosure, and became purchaser of the property at the sheriff's sale, the purchase price being $7000. The sale was made

in May, 1893. After the judgment, Marley had leased the premises to J. R. Clover, who continued to occupy the same up to the time when Condon obtained his sheriff's deed, which was on November 1, 1893, the day the sale was confirmed. Immediately after the sheriff's sale Condon notified Clover of his purchase, and required of him the rent thereafter to become due. When Condon obtained his sheriff's deed he commenced this action to recover from Clover the rent then due. On his own application, Marley was substituted as defendant in place of Clover. In his application to be substituted Marley alleged that he was the party who had been in actual possession of the mortgaged premises during the whole time alleged in plaintiff's petition. It was agreed that if on the foregoing facts the court should adjudge that the plaintiff was entitled to recover, the amount of his recovery should be $200. The court found in favor of Marley and rendered judgment against plaintiff for costs.

The single issue considered by the trial court and now presented to us is, Which party was entitled to the rental of the hotel property for the period between the date of the foreclosure sale and that of the execution of the sheriff's deed in pursuance of the order of confirmation? While the counsel for plaintiff in error has ably presented his case we are unable to agree with his conclusions. Arguing that the doctrine announced in *Land Co. v. Barwick*, 50 Kan. 57, to the effect that where a judicial sale of real estate is duly confirmed and a deed is issued the proceedings relate back to the date of the sale and entitle the purchaser to the crops which were then unripe and growing upon the premises, is applicable here, counsel says :

" On principle, what difference does it make whether the real estate sold raises green corn, styled a crop,

or greenbacks, styled rent ?   Each proceeds out of the land and each belongs to the purchaser."

The first case in which the supreme court of this state decided that the purchaser of real estate at sheriff's sale became entitled to crops which were then growing and immature is the case of *Smith v. Hague*, 25 Kan. 246.   In that case a wheat crop was sown on the land a short time before the sale occurred and was not harvested until some months after the confirmation of the sale.   The court gave no reasons for its decision. The next case is *Galbreath v. Drought*, 29 Kan. 711, in which the question as to rents did not arise.   In the syllabus the court said :   " The confirmation of the sale of real estate relates back to the date thereof."    In *Beckman v. Sikes*, 35 Kan. 120, it appears that the mortgagor, after the decree of foreclosure was entered but before the sale of the land was made, had planted and cultivated a crop of oats and corn upon the premises decreed to be sold, and that he had attempted to sell the crop to Sikes on the day preceding the sale of the land.    After quoting from *Smith v. Hague*, supra, the court said :

"If the land is not sold until the crops ripen and are severed, the vendee of the mortgagor would ordinarily get a good title ; but if the land was sold and conveyed while the crop was still growing, and there was no reservation or waiver of the right to the crop at such sale, the title to the same would pass with the land."

In *Goodman v. Smith*, 49 Kan. 351, and *Land Co. v. Barwick*, supra, the court followed the earlier decisions.

In all these cases it will be seen that the basis of the decision is the same ; that is, that growing crops are a part of the realty and, as such, pass with it at a judicial sale.   The doctrine that the confirmation of the sale of real estate relates back to the date thereof, and

25—7 KAN. APP.

that the title passes at the date of the sale if it be sub-
sequently confirmed, seems to be a necessary deduc-
tion from the language of our statute.    Under that
statute, the purchaser's title is derived from a valid exe-
cution sale ; his right of possession, from the confirma-
tion thereof followed by the issuance of a deed.    The
purchaser's several rights appear to be these : After a
valid sale, the right to a confirmation thereof ; after the
confirmation of the sale, the right to a sheriff's deed ;
after receiving the deed, the right to possession of the
premises.    If the latter right be denied, a writ of as-
sistance will be allowed to put him in possession.    His
right to possession extends to the whole title of the
mortgagor, and to the whole of the realty as it was at
the date of the sale.    It follows that he would thus be
entitled to the crops which were growing at the date of
the sale, notwithstanding they may be matured by
the time the sale is confirmed and the deed issued.
But money rent for the use of the property in the case
before us is not in any way similar to growing crops.
The latter are part of the realty, the former only a
possible incident to the use of the premises.    Here it
appears that the defendant was in possession, whether
in person or by tenant is immaterial.    If in person,
no rent was being paid ; could it be contended that
the right of possession on the part of the purchaser,
which was clear after all the proper steps had been
taken, was sufficiently clear before they were taken
to entitle him to collect rent from the mortgagor in
possession from and after the date of the sale?    No
Kansas statute or decision warrants an affirmative
answer.    See *Marshall v. Shepard*, 23 Kan. 321, and
*Robinson v. Hall*, 33 id. 139.    In the latter case the
court said :

" The sale and order of confirmation did not pass

the legal title. (*Marshall v. Shepard*, supra.) The purchaser at the sheriff's sale was not entitled to the possession of the premises, as a matter of right, until he obtained a deed.''

We quote the following from Wiltsie on Mortgage Foreclosure ( p. 708 ), section 588 :

'' Upon a mortgage-foreclosure sale, the purchaser does not acquire the title to the premises nor a right to the possession thereof until the delivery of the deed by the officer making the sale ; until that time the owner of the equity of redemption will be entitled to the possession of the land and to its rents and profits. . . . Where the rent becomes due and payable between the day of sale and the time when the purchaser becomes entitled to the possession, it belongs to the owner of the equity of redemption, and not to the purchaser at the sale.''

Several cases are cited in the notes as supporting the text. In *Giles v. Comstock*, 4 N. Y. 270, the mortgaged real property was in the possession of a tenant of the mortagor. After the sale he attorned for two months to the party who had purchased the property at the sale. The sale was then confirmed, whereupon the mortgagor sued the tenant for two months' rent. The court, in giving judgment for the plaintiff, declared in substance that the purchaser under the decree had no rights whatever to the rent which had become payable by the terms of the lease after the sale and previous to the confirmation thereof.

No sufficient objection to the judgment of the trial court appearing, the same is affirmed.