JACOB HAISH v. JOHN POLLOCK.

No. 15,853. (101 Pac. 3.)

SYLLABUS BY THE COURT.

1. JUDICIAL SALES—*Purchaser's Right of Possession—Delay in Procurement of Sheriff's Deed.* The application of the ordinary rule that the purchaser of real estate at sheriff's sale acquires no right of possession until a deed is executed is not prevented by a showing that there was an unexplained failure to make a timely record of the order of confirmation, that a motion for a *nunc pro tunc* entry was resisted by the occupant of the premises, and that in consequence there was a considerable delay in the procurement of a sheriff's deed.

2. EJECTMENT—*Rents and Profits.* The question as to the time to which the plaintiff in an ejectment action was entitled to recover rent was submitted upon an agreed statement which recited that the defendant occupied the premises in controversy—a city lot—up to a certain date, when he moved out of the building thereon, retaining the keys, and that thereafter, while he did not rent the property, other persons with his knowledge and consent occupied it. *Held*, that no error was committed in denying the plaintiff's claim to recover rent beyond the date specified.

Error from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed March 6, 1909. Affirmed.

*T. W. Moseley*, for plaintiff in error.

*C. G. Webb*, and *Prigg & Williams*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: Jacob Haish obtained a judgment against John Pollock for the possession of a city lot and for rents and profits for a certain period, but believing he was entitled to compensation for having been kept out of possession both before and after this period, and to an order with respect to certain improvements, he prosecutes error.

The facts were agreed to. Haish derived title by a

sheriff's deed based on a decree foreclosing a mortgage. given by John Clyne. The sale was made September 10, 1895. It was confirmed February 4, 1896, but no record was made at the time. On September 21, 1901, he filed a motion for a *nunc pro tunc* entry, which was resisted by Clyne, and was not decided until October 20, 1903, when it was allowed. The sheriff's deed was made March 8, 1904. On September 21, 1901, while Pollock was occupying the property as the tenant of Clyne, Haish notified him that he claimed to own the property and warned him to pay no more rent to the mortgagor. On May 8, 1902, Pollock, knowing the premises to be in litigation, ceased paying rent to any one. The period for which the court allowed Haish rent began with the date of the sheriff's deed—March 8, 1904. He claims it should have begun with May 8, 1902—the date Pollock quit paying rent to Clyne.

In a few jurisdictions it is held that title may pass at a sheriff's sale without the actual execution of a deed, but the general rule is to the contrary., (25 A. & E. Encycl. of L. 807.) In the syllabus to *Robinson v. Hall,* 33 Kan. 139, 5 Pac. 763, it was said that "the purchaser at a sheriff's sale is not ordinarily entitled to the possession of the premises, as a matter of right, until the deed is executed in conformity with the order of confirmation." Of course conditions might arise to which the general rule would not apply. For instance, if after confirmation the sheriff in collusion with the occupant of the premises should refuse to sign the deed until compelled to do so by special proceedings brought for the purpose, the purchaser, having already the equitable ownership and being entitled to a deed, would doubtless have a right of immediate possession, at least against any one responsible for the delay in the passing of the legal title. But no such situation is here presented. Why the record of confirmation was not made at once is not shown, but there is nothing to indicate that it was through any fault of Clyne or Pollock. The

mere fact that Clyne resisted the motion for a *nunc pro tunc* entry did not put him in the attitude of encouraging disobedience to the court's order, and no special circumstances are disclosed that would so characterize his conduct. Until the order of confirmation was entered of record it was not available as a command to the sheriff. Those who were interested in the issuance of the deed were under some responsibility to see that such record was made or that an omission to make it was corrected. Clyne was justified in objecting to the making of an order for a *nunc pro tunc* entry until it was shown that the facts justified it, and there is no evidence that he went further than this. The great delay in the issuance of the deed is not explained. The facts stated do not indicate that efforts to procure it were prosecuted with reasonable diligence. Upon the whole record we can not say that this case is one where a right to possession accrued to the purchaser at the sheriff's sale before the execution of the deed. The trial court therefore rightly held that Haish was not entitled to rent prior to March 8, 1904.

The period for which rent was allowed ended January 5, 1905. Haish contends it should have extended beyond that time. The decision of the controversy in this respect depends upon the interpretation to be placed upon the language of the agreed statement of facts, reading as follows:

"That said defendant, John Pollock, continued to occupy said premises and said building up to the first day of January, 1905, when he moved out of said building, retaining the keys thereto; that while he has not rented the property, yet with his knowledge and consent other parties have been occupying the said premises and building."

A reasonable construction of this part of the agreed statement seems to be that Pollock vacated the premises on the date named, and was no longer chargeable with rent, except as this situation might be changed by the facts that he failed to turn over the keys and that other

persons with his knowledge and consent went into possession. These facts of themselves could, not charge him with further liability, nor do we deem them to have sufficient evidential force to counteract the effect of the statement that .he moved out of the building. and did not rent it to any one else. We therefore conclude that there was no error in the court's decision in this regard.

Recitals were included in the agreed statement about certain payments made for taxes and improvements, and the plaintiff complains of the refusal of the court to make any order with respect thereto, but as these recitals do not appear to have been responsive to any issue in the case we perceive no error in such refusal.

The journal entry of judgment shows a finding that the defendant was liable for rents at the rate of $25 a month for the period above indicated, the total indebtedness being stated as $233.33. This amount seems to be the result of an error in calculation, which should be corrected, although no complaint has been made on this account. Otherwise the judgment is affirmed.