JOHN W. KIBBY, *Appellant,* v. JOHN F. HENSEL, *Appellee.*

No. 15,979.

SYLLABUS BY THE COURT.

AMENDMENT—*Answer Filed with Motion to Open Judgment—Statute of Limitations.* K. sued H. and several others to quiet title to several tracts of land, including the northeast quarter and the northwest quarter of a certain section. A judgment was rendered for the plaintiff, on service by publication. On motion of H. alone the judgment was opened as to him, his answer claiming title only to the northeast quarter. After the expiration of the three-year period for opening such judgments H. was allowed to amend his answer by substituting "northwest" for "northeast," to correct a misdescription of the land claimed. As H. had been sued in respect to his claim to the northwest quarter, and he had no title to the northeast quarter, the amendment preserved the identity of his defense and counterclaim to the subject of the action between the parties affected, and was properly allowed.

Appeal from Seward district court; WILLIAM H. THOMPSON, judge. Opinion filed December 11, 1909. Affirmed.

*V. H. Grinstead,* for the appellant.

*B. F. Milton, Kos Harris,* and *V. Harris,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: A judgment was rendered on service by publication against John F. Hensel and others, quieting title to the northwest quarter and the northeast quarter of a certain section, and other lands. Within the time allowed by the statute Hensel filed his motion to open the judgment and asked for leave to defend, under section 77 of the civil code. (Gen. Stat. 1901, § 4511.) Notice was given and an answer filed. This motion was sustained, and an order was made that the judgment "be set aside and opened up as to the defendant, John F. Hensel." The answer pleaded that Hensel was the owner and entitled to the possession of the northeast quarter of a section named in the petition; that the plaintiff unlawfully kept him out of the possession; and prayed for the recovery thereof. A reply was filed, and the action was tried after the expiration of the three-year period of limitation named in the statute. On the trial the following colloquy took place:

"Defendant's attorney: I presume you will concede that the patent is on record to Mr. Hensel?

"Plaintiff's attorney: No, sir; I do not. In fact, I say that he has not, and never had, any title whatever to this quarter of land.

"The court: Well, that, of course, will necessitate a full line of proof.

"Defendant's attorney: If the court please, to end the discussion here, I understand now what all of the trouble is. It seems that in my answer I have misdescribed the property and given it as the northeast instead of the northwest. I ask permission now to amend my answer by making it 'northwest' instead of 'northeast.'

"Plaintiff's attorney: We object to any amendment at this time, your honor, for the very good reason that the time within which he might open up the judgment as to any interest he might have expired on the 6th day of October last, and if he has opened up the judgment as to the wrong quarter of land he can not now come in and open up judgment as to a different quarter of land.

"The court: I will permit the amendment and pro-

Kibby v. Hensel.

ceed to trial as to the interest of the defendant, Hensel, in that suit."

The trial proceeded and Hensel recovered judgment for the possession of the northwest quarter described in the amendment. The allowance of the amendment is assigned as error. The argument is that the amendment changed the counterclaim, was in effect a new cause of action in favor of the defendant, and was beyond the power of the court to allow after the expiration of the three-year period.

The defendant was the owner of the northwest quarter and did not claim any interest in the northeast quarter. It is manifest that he intended to describe the land to which he claimed title, and it must have been this claim that the plaintiff sought to have determined when he made Hensel a defendant. If but one tract had been described in the petition, and but one adverse claimant had been named as defendant, the right to permit the amendment could not have been seriously questioned. The fact that other lands were included, and that other defendants who claimed the other tracts were made defendants, does not change the situation as to this tract and this defendant. This is not a case where an attempt is made by amendment to litigate an entirely different cause of action; on the contrary, the amendment was allowed in order that the very claim against this defendant in respect to which he had been sued might be determined. If this were an original action to recover a particular tract of land, and an amendment had been proposed substituting a different tract after the period of limitations for such actions had elapsed, a different question would be presented. Here the defendant's claim to the very land described in the amendment was the plaintiff's only cause of action against him. The identity of this cause of action and of the defendant's counterclaim with respect to the same subject of action were both preserved by the amendment.

Taylor v. Railway Co.

The amendment was in furtherance of justice, and was properly allowed. (Civ. Code, § 139, Gen. Stat. 1901, § 4573; Code 1909, § 140; *K. P. Rly. Co. v. Kunkel,* 17 Kan. 145; *Taylor v. Railway Co.,* post, p. 232; *Hucklebridge v. Railway Co.,* 66 Kan. 443; *Kennett v. Van Tassell,* 70 Kan. 811; *Stevenson v. Mudgett,* 10 N. H. 338; *Walker v. Fletcher,* 74 Maine, 142; *Mann v. Schroer,* 50 Mo. 306.)

The judgment is affirmed.