No. 23,437.

S. P. ZIMMERMAN et al. (W. H. CHAMBERS, *Appellant*) v. H. H. ROSE, *Appellee*.

SYLLABUS BY THE COURT.

1. FORECLOSURE SALE — *Confirmation — Legal Title Does Not Pass Until Sheriff's Deed Is Executed*. On the confirmation of a sale of real estate under an order of sale in a foreclosure action only the equitable title to the real estate passes to the purchaser on confirmation; the legal title will not pass until the sheriff's deed is executed.

2. SAME—*Sale—Confirmation—Publication Service—Right to Have Judgment Opened Up*. The judgment, order of sale, and confirmation of sale in a foreclosure action provided that the purchaser would not be entitled to a deed until the expiration of nine months from the date of the sale. The judgment had been obtained on service by publication, and before the time was ripe for the sheriff's deed the defendant had the judgment opened up under section 6974, General Statutes of 1915 (Civ. Code, § 83), which

provides that "the title to any property, the subject of the judgment or order sought to be opened, which by it, or in consequence of it, shall have passed to a purchaser in good faith, shall, after expiration of six months, not be affected by any proceedings under this section," etc. *Held,* that within the meaning of this proviso the title had not passed until the execution of the sheriff's deed.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed April 8, 1922. Affirmed.

*E. F. Murphy,* and *Elmer E. Euwer,* both of Goodland, for the appellant. *Frank J. Horton,* of Goodland, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This was originally a foreclosure action to which the appellant was not a party. He purchased the land at the sheriff's sale under the foreclosure decree on the 10th of May, 1915, paid the amount of his bid, $300, and the sale was confirmed on the 24th day of June, 1915. The certificate of purchase issued by the sheriff stated that the purchaser would not be entitled to a deed until the expiration of nine months from the date of the sale, which would be February 10, 1916. The judgment was obtained on service by publication only, and on the 31st day of December, 1915, before the date when the deed would be due, the defendant filed a motion to open the judgment under the provisions of section 6974, General Statutes of 1915, which authorizes such a judgment to be opened up at any time within three years from the date of the judgment, upon showing certain facts. Subsequently Chambers was made a party plaintiff to the action. The case turns upon the nature of the title acquired by the purchaser at a sheriff's sale in such an action and involves the construction of the proviso in section 6974, which reads:

"But the title to any property, the subject of the judgment or order sought to be opened, which by it, or in consequence of it, shall have passed to a purchaser in good faith, shall, after expiration of six months, not be affected by any proceedings under this section."

Chambers, who is the appellant, claims that because six months had expired from the date of the sale the title to the property passed to him notwithstanding the time for issuing of the deed had not arrived. The trial court denied this contention and held that the title had not passed to the purchaser until the execution of the sheriff's deed.

As early as 23 Kan. 321 (*Marshall v. Shepard*), it was held that the purchaser at a judicial sale obtains an inchoate equitable title to the property; that by the confirmation the value of the purchaser's title is enhanced but it was held still to be only an equitable title, which was further enhanced by the execution of the sheriff's deed. In the opinion it was said:

"As to all persons who had actual notice of the deed, their [the purchasers'] title was then complete and perfect both legal and equitable (Conveyance Act, § 21); but as to all others their title was at most only an equitable title." (p. 326.)

In *Robinson v. Hall*, 33 Kan. 139, 5 Pac. 763, it was held that the purchaser at a sheriff's sale is not ordinarily entitled to the possession of the premises as a matter of right until the deed is executed in conformity with the order of confirmation. The question was referred to in the case of *Haish v. Pollock*, 79 Kan. 624, 101 Pac. 3. In the opinion it was said:

"In a few jurisdictions it is held that title may pass at a sheriff's sale without the actual execution of a deed, but the general rule is to the contrary. (25 A. & E. Encycl. of L. 807.)" (p. 625.)

In some states it is held that before the confirmation of a judicial sale the bidder is not a purchaser, but that after the confirmation the contract is complete. (*Virginia Fire, etc., Ins. Co. v. Cottrell*, 85 Va. 857.) Undoubtedly this is true for certain purposes, because the bidder may be compelled by proceedings of the court to comply with his contract. But obviously he is not the owner of the legal title until he has complied and the deed has been executed. There are authorities holding that while the purchaser at a judicial sale acquires certain vested rights when the property is knocked off to him, he does not obtain a complete title until after the sale is confirmed. Expressions will be found in some of the texts indicating that complete title passes on confirmation. For instance, it is said that until confirmation is actually had the bidder is not considered as the purchaser in the full sense, and that "he acquires no complete and independent right or interest in the land, nor any title, legal or equitable, until the sale is confirmed," and that "by the acceptance of his bid, and the subsequent confirmation of the sale by the court, the bidder becomes the purchaser in the full sense of the term, and the substantial owner of the property sold, with right of possession, though this right may not be asserted against the former owner until the due execution of a deed." (16 R. C. L. 115, 116.) Some text-

writers lay stress upon the fact that the purchaser, after confirmation, is entitled to any increase in the market value of the property and has to bear the loss, if any, that may afterwards occur to it.

But while these rights and liabilities accrue on confirmation, we think it is because the equitable title passes to the purchaser after confirmation and before the deed is executed.

"The property is held in trust for the purchaser between the time of sale and the time when the conveyance is made to him. Still, he does not obtain the legal title by such confirmation unless the decree divests and vests title, or a deed is made by the master or officer selling pursuant to a decree ordering him to do so, or unless on being so ordered, the master fails to make the deed within a reasonable time." (16 R. C. L. 117.)

We have held that the provisions of section 6974 must be liberally construed in the furtherance of justice. (*Young v. Martin,* 96 Kan. 748, 153 Pac. 542, holding that the application and affidavit filed within time might be amended or supplemented after the time to open the judgment would otherwise have expired; *Leslie v. Gibson,* 80 Kan. 504, 103 Pac. 115, holding that the assignee of the party defendant has a right to open the judgment; *Kibby v. Hensel,* 81 Kan. 229, 105 Pac. 696, holding that a misdescription of the land may be corrected in an answer after the three-year period has expired.) We think the proviso in the section which declares that "the title to any property, the subject of the judgment or order sought to be opened, which by it, or in consequence of it, shall have passed to a purchaser in good faith, shall, after expiration of six months, not be affected by any proceedings under this section," etc., must be strictly construed in order to carry out the general purpose of the section which was to enable the defendant to open up the judgment by making a showing of certain facts, and that the legislature intended that the proviso should apply only where the full title to the property had passed more than six months prior to the filing of a motion to open up the judgment. The effect of the former decisions is to hold that the equitable title is vested in the purchaser, after the confirmation of the sale, and that he thereby obtains certain vested rights and incurs certain obligations which, in a proper case, could be asserted or enforced. But the title does not pass until the execution of the sheriff's deed.

It follows, therefore, that the judgment of the trial court was correct, and it is affirmed.