No. 32,617

THE PHOENIX JOINT STOCK LAND BANK OF KANSAS CITY, *Appellant,*
v. E. H. CONRAD, LOURETTA CONRAD, THE FIRST NATIONAL BANK
OF GAYLORD et al., *Appellees.*

No. 32,691

THE PHOENIX JOINT STOCK LAND BANK OF KANSAS CITY, *Appellant,*
v. C. E. KADEL, MATILDA KADEL et al., *Appellees.*

No. 32,709

THE PHOENIX JOINT STOCK LAND BANK OF KANSAS CITY, *Appellant,*
v. H. W. PEMBER, ANNA PEMBER et al., *Appellees.*

No. 32,756

THE PHOENIX JOINT STOCK LAND BANK OF KANSAS CITY, *Appellant,*
v. FREDERICK W. SCHULTZ, LAVINIA SCHULTZ et al., *Appellees.*

No. 32,811

THE PHOENIX JOINT STOCK LAND BANK OF KANSAS CITY, *Appellant,*
v. WILLIAM T. WARREN, RUBY WARREN et al., *Appellees.*

No. 32,836

THE PHOENIX JOINT STOCK LAND BANK OF KANSAS CITY, *Appellant,*
v. JOHN A. MAYOU et al., *Appellees.*

(55 P. 2d 347)

Opinion filed March 7, 1936.

A. W. Relihan, T. D. Relihan, both of Smith Center, *Leon W. Lundblade,* of Beloit, *H. McCaslin,* of Osborne, *W. B. Crowther, Morris Johnson,* both of Salina, *R. B. Smith, C. M. Brobst,* both of Erie, *J. R. White,* of Mankato, *J. B. McKay,* of El Dorado, and *John F. Reinhardt,* of Kansas City, Mo., for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.:   Six mortgage-foreclosure cases, all of which were commenced by the same plaintiff, have been consolidated on appeal, and the appeal in each of them has been taken by the plaintiff from the ruling of the trial court granting an extension of the eighteen-month period of redemption under the provisions of chapter 226 of the Laws of 1935, generally known as the second moratorium act of 1935.

These cases are all more recent than the case of the *Kansas City Life Ins. Co. v. Anthony,* 142 Kan. 670, 52 P. 2d 1208, and contain fewer references to the force and effect of the earlier moratorium acts and the rulings of the trial court thereon. The only substantial difference between the facts involved in these cases and those in the Anthony case is that the redemption period was granted in connection with the order confirming the sheriff's sale instead of being a part of the foreclosure judgment as in the Anthony case, although the journal entry of judgment in all these cases did contain a statement that the defendant was entitled to such "equity of redemption as set by this court and provided by law." The eighteen-month period of redemption was definitely and specifically granted in connection with the confirmation of sheriff's sale, and no good reason has been suggested why such ruling was not as effective under the circumstances. The decree of confirmation was a judgment of a competent court and became *res judicata* just the same as one fixing the amount of the indebtedness and rendering judgment against the defendant therefor.

There being no new or different matter raised in these cases from those already decided, the judgments are reversed.

HARVEY, J., dissenting.