No. 32,792

THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS,
*Appellee*, v. L. W. AMES, *Appellant*.

(57 P. 2d 17)

Opinion filed
May 9, 1936.

*Ezra Branine, Alden E. Branine* and *Fred Ice*, all of Newton, for the appellant.

*Wint Smith*, assistant attorney general, *Henry E. Martz*, assistant attorney for the state highway commission, and *Robert Osborn*, of Stockton, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This lawsuit arose out of the purchase of two small tracts of defendant's land by the state highway commission and out of a contemporaneous written contract by the parties thereto.

The controlling facts were these: Defendant owned a tract of land and a filling station and related equipment situated thereon in the city of Walton. This property abutted on a highway which the state highway commission desired to widen. To do so, it was desirable to purchase two narrow strips of defendant's land and to induce him to remove his pumps and related equipment therefrom. Accordingly defendant sold to the state highway commission the desired land, aggregating .09 of an acre, and executed a collateral agreement the controversial terms of which read:

"4-28-32

"This agreement by and between the Kansas State Highway Commission and L. W. Ames of Walton, Kansas, whereby L. W. Ames for the sum of

twenty seven hundred and fifty dollars *agrees to move pumps and piers* owned by him near sta. 330 plus 30, 50-S 24-F A 357 C, on north side of road *as required by said Kansas State Highway Commission* and to deed to said Kansas State Highway Commission right of way. . . ." [Italics ours.]

The consideration, $2,750, was paid. Defendant moved his pumps and piers off the land he sold to the plaintiff, and reset them at a distance of one foot from the widened limits of the highway.

The gist of this lawsuit is plaintiff's contention that he did not move them "as required" by the commission; that to conform to the requirement of the commission he should not have reset them closer to the widened highway than twelve feet. The state highway commission had a rule to that effect.

Defendant asserted below and still asserts that the collateral agreement is not fairly susceptible of the construction contended for by the state highway commission. The trial court held otherwise and gave judgment in favor of plaintiff. The judgment was virtually a mandatory injunction requiring defendant "to move his pumps and piers" for a distance of "at least twelve feet outside the right-of-way line."

Defendant raises various objections to this judgment, first contending that the collateral agreement was ambiguous; and he invokes the rule of law to the effect that specific performance will not be decreed where the contract is subject to that infirmity. The rule is sound enough, but what is vague or ambiguous about this contract? Plaintiff agreed to move his pumps and piers "as required by the state highway commission." Certainly that language is clear and understandable. True, the contract did not specifically state what the commission's requirement was, but that did not render the contract ambiguous or uncertain. Whatever the requirement was, defendant had agreed to abide by it. And there was no mystery about that requirement. Defendant was advised of it repeatedly and in more ways than one. Moreover, if he did not know the terms of the requirement, it was his duty to ask the commission. It is a maxim of the law which comes down from that remote time when lawyers and judges used the Latin tongue, *"Id certum est quod certum reddi potest."* 2 Bouvier, p. 2136, translates this maxim thus: "That is certain which may be rendered certain," and Blackstone, Kent, and early American decisions are cited. This maxim is as potent today as ever, and it is undeniable that the intendment of the phrase "as required by the state highway commission" was

readily capable of being rendered certain. If defendant's obligation did not bind him to conform to the commission's requirement in the removal of his pumps and piers, then the language wherein he agreed to move them "as required by the commission" served no purpose in the contract.

In the instructive case of *Bates v. Harris*, 144 Ky. 399, 138 S. W. 276, 36 L. R. A., n. s., 154, the action was to compel specific performance of a contract to sell a defendant's farm described as "her Muddy creek farm." One defense pleaded was insufficiency of description to identify the subject matter of the contract. In affirming a judgment for plaintiff, the court applied the maxim quoted, saying—

"Parol evidence cannot be introduced to vary, enlarge, or restrict the written terms of the contract. But frequently it is the case that application of apparently vague descriptions must be by parol testimony which puts before the court the facts and circumstances surrounding the parties when the contract was made or is to be executed, that its terms may be interpreted by the light from such surroundings. From this rule springs the maxim, 'That is certain which can be made certain.' " (p. 402.)

In our own recent case of *Marsh v. Brown-Crummer Inv. Co.*, 138 Kan. 123, 23 P. 2d 465, one defense to the action which was on a contract to repurchase bonds was that the contract did not specify what bonds defendant had agreed to repurchase, but this court held the contract enforceable, citing 25 R. C. L. 218 *et seq.*, and 23 R. C. L. 1282, and adding that—

"The maxim *'id certum est, quod certum reddi potest'* has been held applicable in many cases of the character of the one under consideration here." (p. 127.)

Nothing is more common than the incorporation of rights and obligations in one written instrument by reference to recitals in other written instruments or which are otherwise to be "rendered certain." Typical of these are contracts for the construction of buildings, roads, and bridges, in accordance with plans and specifications on file in some designated place or in the custody of some designated person. We think that the contract for the removal of the pumps and piers as required by the state highway commission was not ambiguous, and having accepted and retained the seemingly generous award for his land and agreement, defendant ought to have performed it without quibbling.

Defendant next contends that the state highway commission had no authority to make the contract requiring defendant to remove his

pumps and piers for a distance of twelve feet from the right of way. Without deciding that point, it is perfectly clear that defendant cannot raise this question. Mayhap defendant could have raised it if he had not accepted and retained the *quid pro quo* he obtained from the plaintiff. But with $2,750 of plaintiff's money in his pocket he cannot do so. It is elementary that pleas of *ultra vires* cannot be effectively lodged against the enforcement of a contract by a litigant who has accepted and retained the benefits of the contract. (*Brown v. City of Atchison,* 39 Kan. 37, 17 Pac. 465; *Kelly v. Insurance Co.,* 101 Kan. 91, 98, 99, 165 Pac. 806, L. R. A. 1918 C, 1170; *Bowers v. Atchison, T. & S. F. Rly. Co.,* 119 Kan. 202, 208, 237 Pac. 913; *Tennant v. Long,* 138 Kan. 132, 23 P. 2d 477.)

The judgment of the district court was correct, and it is affirmed.