No. 33,345

New York Life Insurance Company, *Appellant*, v. J. E. Slentz and Lois Slentz, Husband and Wife, *Appellees*.

(67 P. 2d 522)

Opinion filed May 8, 1937.

*W. R. Glass, Innis D. Harris, Jr.,* and *W. J. Glass,* all of Wichita, for the appellant.

*George A. Jeffery* and *Paul W. Schmidt,* both of Wichita, for the appellees.

The opinion of the court was delivered by

Dawson, C. J.: This was an action by the purchaser at foreclosure sale of an apartment building to recover the reasonable value of the use and occupancy of the property during an interval between the time the plaintiff purchaser was entitled to a sheriff's deed and the time when such deed was executed.

Preliminary to a consideration of this case, it is necessary to state certain antecedent matters at some length:

Defendants owned four town lots in Wichita on which was situated a twenty-four-apartment building. Plaintiff held a mortgage on the property for $50,000. On July 1, 1932, the mortgage was in default and foreclosure proceedings were begun, and on September 13 judgment decreeing foreclosure was entered for $50,268.30 with interest.

Pursuant to order of sale the sheriff sold the property to plaintiff on October 19, 1932. The sale was confirmed and the usual redemption period of eighteen months was allowed—which would expire on April 19, 1934.

On April 5, 1934, defendants filed an application for an extension of the period of redemption, based on chapter 3 of the Special Session Laws of 1934. On June 14, 1934, that application was heard and allowed (over plaintiff's objection) and the redemption period extended until February 1, 1935, upon condition that defendants

should pay $300 per month for the use of the property during the period of such extension. Apparently these monthly payments were made in accordance with the court's order.

On January 21, 1935, defendants filed an application for a further extension of the redemption period, based on chapter 225 of the Session Laws of 1935. This application was allowed and the redemption period extended for one month—until March 1, 1935, upon condition that the prior monthly payment of $300 for use of the property be made. Apparently this condition was performed.

On March 19, 1935, defendants filed an application for a further extension of the redemption period from March 1, 1935, until January 15, 1937, based on the provisions of chapter 226 of the Session Laws of 1935. This application was heard and allowed on April 20, 1935, over plaintiff's objection; but the court raised the required monthly payment for the use of the property from $300 to $400, payable in installments of $200 on the 5th and 20th days of each month. Defendants made these payments for several months, but made default in payment of the $200 due on December 20, 1935, and similarly made default as to the semimonthly sums payable thereafter.

On December 21, 1935, the day following the first default, plaintiff filed a motion to set aside all the aforementioned orders of extension on the ground that they were void, and because the semimonthly payments ordered to be paid by defendants were in default. This motion was followed by a pleading filed by plaintiff on February 20, 1936, entitled "Statement of Default and Application for Sheriff's Deed and Possession of Property." In it plaintiff recited the various antecedent orders of the court summarized above, and defendants' defaults in payment of four semimonthly sums of $200 each as ordered by the court, and—

"Plaintiff asks the court to declare such default and to declare and determine that the rights of the said defendants to redeem from the sheriff's sale have terminated and their rights to possession have ceased and that this plaintiff, as the holder of the certificate of purchase, is entitled to a sheriff's deed and to the immediate possession of such premises."

On February 25 the court made a finding of defendants' default in their semimonthly payments, and ordered the sheriff's deed to be executed. The deed was issued forthwith, and plaintiff was promptly let into possession.

In the present action plaintiff sued for the reasonable value of the use of the apartment house from December 20, 1935, the time de-

fendants quit paying the semimonthly installments as ordered by the court, until the execution of the sheriff's deed on February 25, 1936, a period of two and one half months. It was alleged that the reasonable value thereof was $1,000.

Defendants joined issues by filing a pleading which was partly a demurrer and partly an answer containing a general denial. In addition to the pleadings, the litigants joined in an agreed statement which covered the antecedent foreclosure proceedings, and invoked the judgment of the court.

The trial court held that the circumstances which occasioned the delay in issuing the sheriff's deed to the purchaser at the foreclosure sale did not take the case out of the usual rule that such purchaser is not entitled to possession until a sheriff's deed is issued to him; and consequently plaintiff had no claim to the reasonable value of the use of the premises for the period sued on.

Judgment was entered for defendants, and plaintiff appeals, contending that it was entitled to a sheriff's deed on April 19, 1934, which was the end of the redemption period.

We think such a contention is untenable for a variety of reasons. In this action plaintiff has only sued for the value of the use of the property for two and one half months, from December 20, 1935, until February 25, 1936—not for the use of the property from April 19, 1934, until February 25, 1936, when it obtained possession pursuant to the sheriff's deed of the latter date. It is a waste of words at this late date and *in this action* to consider whether the successive orders made *in the foreclosure action* were void because they were based on the various moratorium statutes, the validity of some of which has been effectively challenged in litigation in which these litigants were not concerned. (*Phoenix Joint Stock Land Bank v. Conrad,* 143 Kan. 359, 55 P. 2d 347.) While it is true that plaintiff objected to some or all of the orders made in the foreclosure proceedings, it acquiesced in them. Those orders were "special proceedings upon summary application after judgment," and as such were appealable under the code. (G. S. 1935, 60-3303.) But plaintiff did not appeal, which fact in itself would place those orders beyond our judicial concern in this action. (*Manley v. Park,* 62 Kan. 553, 64 Pac. 28; *Union Central Life Ins. Co. v. Pletcher,* 144 Kan. 359, 58 P. 2d 1158.) Furthermore, plaintiff accepted the benefits of those orders—$300 per month for the use of the property during two of the extensions of the redemption period granted by the

court, and $400 per month during part of a still later extension. In such a situation, the validity of the orders complained of could not have been challenged even in a timely appeal in the foreclosure case. (*State Highway Comm. v. Ames*, 143 Kan. 847, 850, 57 P. 2d 17.) Still less could the validity of those orders be a matter of judicial concern in this subsequent and independent action. (*Snehoda v. National Bank*, 115 Kan. 836, 840, 224 Pac. 914; *Clark v. Layman*, 144 Kan. 711, 62 P. 2d 897.)

It has been settled law in this state for half a century that the purchaser of land at sheriff's sale *in invitum* is not entitled to possession, nor to its incidents such as rents and profits, until the sheriff's deed is executed in conformity with the order of court confirming the sale. (*Robinson v. Hall*, 33 Kan. 139, 5 Pac. 763; *Bird v. Belz*, 33 Kan. 391, 6 Pac. 627; *Chambers v. Rose*, 111 Kan. 22, 206 Pac. 336.) In *Condon v. Marley*, 7 Kan. App. 383, 51 Pac. 924, the syllabus reads:

"Where a party purchased real estate—a hotel property—subject to a mortgage, and held possession of the property during the entire time of the pendency of the proceedings to foreclose the mortgage, *held*, that his right of possession was not divested by the sale of the property in such proceedings, but remained until the sale was confirmed and deed issued; and further *held*, that no right of action for the rentals for the time intervening between the foreclosure sale and the deeding of the property accrued to the party purchasing the same at the sheriff's sale."

Counsel for plaintiff direct our attention to *Haish v. Pollock*, 79 Kan. 624, 101 Pac. 3, where the rule just discussed was sustained, but in the opinion it was said:

"Of course conditions might arise to which the general rule would not apply. For instance, if after confirmation the sheriff in collusion with the occupant of the premises should refuse to sign the deed until compelled to do so by special proceedings brought for the purpose, the purchaser, having already the equitable ownership and being entitled to a deed, would doubtless have a right of immediate possession, at least against any one responsible for the delay in the passing of the legal title. . . . Why the record of confirmation was not made at once is not shown, but there is nothing to indicate that it was through any fault of Clyne or Pollock." (p. 625.) .

And so here. While plaintiff apparently (we do not decide) was entitled to a sheriff's deed two and a half months before it was executed, the record does not show that defendants did anything to prevent its issue. So far as here shown plaintiff's motion applying for the sheriff's deed filed on December 21, 1935, was allowed to drift until February 25, 1936, at which time it was allowed and the deed

executed. The matter of the defendants' default in paying the semi-monthly payments in consideration of the extension of time to redeem was likewise before the court at the same time and in the same proceedings, but no order was made to enforce their payment. Rightly or wrongly the court's failure to make an order in that case to enforce collection of those payments was just as binding and conclusive as any other judgment in the premises which the court could have made.

Some of the justices attach significance to certain remarks of the presiding judge *in this case* to the effect that in the earlier case he did not intend to allow a money judgment in default of the payments for the use of the property during the extension of the redemption period—that he intended that the only consequence of failure to pay would be plaintiff's right to have the sheriff's deed issued. That was doubtless a fair interpretation of the trial court's earlier order by the best authority in the world to interpret those orders—the judge who made them. At all events no substantial error in this appeal is made to appear, and the judgment is affirmed.

THIELE, J. (dissenting): I dissent. When the defendants filed applications under the various moratorium statutes, and especially under the last (Laws 1935, ch. 226), the trial court fixed the "reasonable rental value of the property involved in such sale," and default of such payment for thirty days ended the mortgagors' right of possession and entitled the holder of the certificate of purchase to a sheriff's deed. It is true here that appellant sued for the "reasonable value," but it was the reasonable value fixed by the court in what was a proper procedure. On default of the payments ordered, appellant moved promptly for a sheriff's deed. It was incumbent on the mortgagors either to pay or surrender possession—they did neither. The thirty-day period of default is not relied on by the mortgagors—they claim only that the holder of the certificate is not entitled to rents until it has a sheriff's deed. In my opinion, under the reasoning of *Haish v. Pollock*, supra, the affirmative action of the mortgagors prevented the issuance of the sheriff's deed. I further believe that where the mortgagors obtained the order permitting them to retain possession upon payment of "reasonable rental" as fixed by the court, and retained possession under such order, their liability is fixed and should be enforced against them.